**SERVICE TRANSPORT CO., Plaintiff-Appellee, v. MATYAS, Admrx., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22527.   Decided June 16, 1952.

Oscar J. Green, S. Neil Hosenball, Cleveland, for plaintiff-appellee.

J. Harmon Cohen, Cleveland, for defendant-appellant.

## OPINION

By THOMPSON, J.:

This was an action in replevin brought in the Common Pleas Court of Cuyahoga County by the Service Transport Company against the administratrix of the estate of Rudolph Matyas, deceased. The property sought to be replevied consisted of 25 new Dunlop truck tires and one new Pennsylvania truck tire (9.00 x 20, 10 ply) and fifty natural rubber tire tubes (size 9.00 x 20). The trial court heard the testimony of both parties, submitted the case to a jury under instructions and the jury returned a verdict, finding title to and right of possession of the property in the plaintiff, but assessing no damages. The court thereupon entered judgment on the verdict. A motion for new trial was filed by defendant and on March 24, 1952 this motion was overruled. An appeal was taken to this Court on questions of law by the defendant. The notice of appeal was filed on April 3, 1952 and on May 5, 1952, the forty-second day after the judgment overruling the motion for new trial, a bill of exceptions was filed by the defendant. Plaintiff appellee in this court subsequently filed a motion to strike the bill of exceptions, which this court granted because the bill of exceptions was not filed within the forty day period required by §11564 GC.

Six assignments of error were filed in this court by defendant appellant, but, in the absence of a bill of exceptions, this court is able to consider only such assignments of error as may be apparent on the face of the record. Assignments of error requiring examination of the bill of exceptions are to

be disregarded. **Garland v. Gilbert, 85 Oh Ap 55.** On that basis, the second, third, fourth, fifth and sixth assignments of error involving errors complained of in the court's general and special charges, and the alleged error of the court in overruling defendant appellant's motion for a directed verdict at the conclusion of plaintiff's case cannot be considered.

We are called upon in this appeal to pass upon the first assignment of error only, namely, the alleged error of the trial court in overruling defendant's motion for a directed verdict prior to the introduction of evidence, involving, as this does, the question whether the pleadings set forth facts sufficient to constitute a cause of action.

The petition alleged that plaintiff was a corporation organized and existing under the laws of the state of Ohio and that the defendant was the administratrix of the estate of Rudolph Matyas, deceased; that at the commencement of the action and at all times therein mentioned, plaintiff was the owner of specified new truck tires and natural rubber tires, of the kind previously referred to, and that plaintiff was entitled to the immediate possession of the said property which defendant was wrongfully and unlawfully detaining. The petition asserted that plaintiff had suffered damages due to the alleged wrongful detention in the sum of $1,000.00. In the prayer of the petition, plaintiff asked judgment for recovery of the property described, for possession thereof, and for damages in the sum of $1,000.00 for the wrongful detention together with costs. An affidavit in replevin was filed at the time of filing the petition and an alias affidavit in replevin was filed a few weeks later, correcting the number of tires set forth in the original affidavit. The affidavits are routine, conforming to the requirements of the statute (§12052 GC), reciting that plaintiff is the owner of the property described and that "said property is wrongfully detained by the defendant."

An answer was filed by defendant alleging that she was the administratrix of the estate of Matyas, deceased, appointed by the Probate Court of Cuyahoga County. The answer admitted plaintiff's corporate capacity, but denied that plaintiff was the owner of the property described in the petition and denied that plaintiff was entitled to possession thereof. The answer further denied that plaintiff was the owner or entitled to possession of any property in the possession of the administratrix as personal representative of the deceased.

Defendant further averred that all of the property described in the petition belonged to the estate and that it was in possession of defendant as personal representative and that the

estate was in the process of administration under orders of the probate court. Defendant further denied any wrongful detention and denied that plaintiff had suffered any damages. The transcript indicates that plaintiff subsequently gave bond as required by law, after an appraisal of the personal property listed in the petition, that the sheriff seized the chattels mentioned and that defendant thereupon furnished a re-delivery bond and was made keeper of the property pending the trial. Upon trial, the jury found for the plaintiff and the court rendered judgment in accordance with the finding.

The one question which concerns us, and which is disclosed by the transcript and pleadings, is whether replevin is an action which can be brought in the Common Pleas Court against an executor or administrator of an estate in course of administration in the Probate Court under the allegations of the petition. This requires an examination of the nature of replevin proceedings, as well as the responsibilities and duties in the Probate Court of the personal representative of an estate.

The Ohio statutes relating to replevin are set forth in Chapter VI of Procedure in Common Pleas Court, consisting of §§12051 and 12074 GC, inclusive. By Sec. 12051 GC, the possession of specific personal property may be recovered by action. By §12052 GC, the form of affidavit is specified, it being essential that plaintiff recite not only that he is the owner of the property or has an interest therein, but also "that the property is wrongfully detained by defendant." We address ourselves to the question whether the mere allegations of the petition in this case that plaintiff is entitled to certain personal property as against an administratrix acting in her representative capacity, under orders of the Probate Court, states a good cause of action in replevin. This calls for a consideration of the nature of the administration of an estate in the probate court and the dual nature of the duties of an executor or administrator.

It is to be borne in mind that executors and administrators stand in a dual capacity because they personally represent the deceased in settling his affairs and distributing his estate and they also occupy a status as trustee for persons interested beneficially in the estate, including creditors, heirs and legatees. In **Greer v. Ohio, 2 Oh St 575**, it is pointed out that the personal representative of an estate becomes a trustee for creditors first, and then for distributees of all the personal assets of the estate. Referring to the personal assets in that case, the Supreme Court declared as follows:

"The law prescribed the course to be pursued for converting

them into money, and when and how, the money should be paid over to those entitled to it, and the performance in good faith of these requirements constituted the **legal duty** of the administrators."

In **Lingler v. Wesco, 79 Oh St 225,** the Supreme Court of Ohio defining the course of administration required by the personal representative of an estate, stated as follows:

"The ordinary course of administration is the means and the process provided by law, whereby creditors of a deceased debtor receive payment."

This statement is cited with approval in **18 O. Jur., Executors and Administrators, Sec. 10, pg. 50.**

Since the administrator or executor represents all claimants including heirs, legatees and creditors, it is to be assumed, in the absence of any averment to the contrary, that an administrator is caryying out his duties with respect to creditors and claimants in the Probate Court. The petition fails to show either that plaintiff presented his claim to the administrator and that it was rejected, or that, if such course were followed, such method would be unavailing.

**Sec. 10501-53 GC** provides that the probate court shall have jurisdiction to direct and control the conduct and settle the accounts of executors and administrators and to order distribution of assets. As to these and various other matters therein specified, the jurisdiction of that court, as stated in the section cited, is "exclusive in the probate court unless otherwise provided by law." We may also note that, upon appointment by the probate court, an administrator is required to give bond conditioned to carry out the duties enjoined upon him by the Ohio statutes. These conditions include the filing of a true inventory of all moneys, goods, chattels, rights and credits of the deceased, which are by law to be administered, which may come to his possession or knowledge and to administer and distribute according to law all of the said moneys, goods, chattels, rights and credits of the deceased. **Sec. 10506-14 GC.** The inventory of the administrator is required to be filed by the personal representative within one month of his appointment. **Sec. 10509-41 GC.** This inventory, under oath, is required to list the real estate of the deceased in Ohio and also, "the goods, chattels, moneys, rights and credits of the deceased, by law to be administered and which have come to his possession or knowledge." Exceptions to the inventory are provided for by **10509-59 GC** and the inventory itself is to be set down for hearing not later than one month after the day the inventory is filed.

Besides the opportunity to except to inventories, improperly

listing as that of the estate property actually belonging to claimants, the Ohio statutes provide for presentation of claims directly to an executor or administrator within four months after his appointment. (Sec. **10509-112 GC.**) Subsequent to that period of time, claims may be presented to the Probate Court by petition under **§10509-134 GC.** Important to note is **§10509-138 GC,** providing that no suit shall be brought against an executor or administrator by a creditor or by any other party interested in the estate until after nine months from the time of his appointment, except in five specified types of cases. The second category covers cases "for the enforcement of a lien against or involving title to specific property." It may well be urged that the pending action in replevin on its face appears to involve title to specific property and that, for that reason, the nine-month period contained in **§10509-138 GC** is inapplicable to the present suit. Even though the time limitation preventing suit against an executor or administrator prior to nine months after his appointment may not apply under the circumstances before us, this fact by no means authorizes a suit in replevin.

Examination of the various methods open to claimants to pursue their claims with respect to property in the possession of an administrator of an estate raises the question whether the methods named are exclusive, or whether independent suits against executors or administrators can be filed in the Common Pleas Court without prior recourse to the remedies granted to claimants by the Probate Code. Our precise question is whether in the situation recited in the petition before us, a claimant may proceed directly by replevin in the Common Pleas Court against an administrator regardless of the prompt remedies available in the Probate Court.

Replevin constituted one of the earliest writs known to the common law. The original form of action persists under our present Ohio statute authorizing recovery of personal property wrongfully detained by the defendant. Yet, how can it be said that an administrator of an estate, whose responsibility is that of trustee for the true claimants, whether heirs, legatees or creditors, and whose right to administer property is granted through the Probate Court, is detaining property wrongfully while proceeding in the ordinary administration of an estate? This is the single issue raised by the petition.

We have examined the Ohio decisions and find no case passing on the question whether replevin may be maintained by an alleged owner in the Common Pleas Court against the personal representative of an estate. We do not have a case here of replevin sought against an administrator in his

personal capacity for property wrongfully taken and detained by him. We are speaking of a 'situation where the wrongful detention, according to the allegations of the petition, is with respect to property of the decedent. Conceding that the decedent may have wrongfully converted the property covered by the present action and that the owner, in such circumstances, would have had an action against the decedent during his lifetime, does that fact make such right capable of assertion in the Common Pleas Court against the latter's administrator, or do other presently existing statutory methods we have recited, and granted by the Probate Code, preclude plaintiff, at least until he has exhausted them?

Although no Ohio case has directly passed upon the right of an alleged owner to bring replevin in the Common Pleas Court against an administrator for an alleged unlawful detention of property by a decedent, an Ohio case has passed upon the right of a chattel mortgagee to bring replevin against an administrator. We refer to the decision of the Ohio Supreme Court in **Lingler v. Wesco, 79 Oh St 225**, declaring that such an action will not lie. This case is cited with approval in 46 Am. Juris. "Replevin," Sec. 46. The reasoning of this case seems to us applicable to the present situation. In its opinion the court pointed out that the rights of the mortgagee were changed, though not impaired, by the death of the mortgagor. Upon this point the court declared:

"Death did not remove or impair the lien, but we think it did so change the relation of the parties that the remedy by replevin, which might have been enforced in the lifetime of the mortgagor, is not available when the mortgaged property passes into the custody of the administratrix. The new situation does not dissolve the contract relation or impair the contract, but cuts off one of the remedies that could have been pursued against the mortgagor. * * *

"* * * we think the chattel mortgage and Lingler's rights under it must be expounded and determined with a proper recognition of the statutes regulating the settlement of estates of deceased persons, and that the mortgagee should not be allowed to supplant administration under the law, and take upon himself the administration on part of the estate."

We believe that the holding of the Supreme Court of Ohio in Lingler v. Wesco is sound. The rights of an alleged owner are not necessarily changed by the death of an individual who may have property in his possession, but the method of assertion of those rights may well change. As a matter of fact, the claimant is granted numerous and prompt remedies in the Probate Court and the administrator who succeeds to the

personal property in the possession of decedent is required to give bond to administer the estate for the benefit of claimants. The Probate Court is a court authorized to determine the validity of claims of all claimants to decedent's property. Since the petition here states an ordinary action in replevin and fails to assert reasons why the Probate Court cannot grant the relief requested under the statutes vesting responsibility and authority in the administrator, we believe that the present action did not properly lie in the Common Pleas Court. We recognize that our decision is a procedural one, and suggest that opportunity is available to plaintiff to assert his claims in the appropriate forum. Finding the first assignment of error well taken, we are reversing the judgment of the trial court and are entering final judgment for defendant. Exceptions. O. S. J.

SKEEL, PJ, HURD, J, concur.