**Dawson**
v.
**Ohio Department of Human Services**
*[Cite as 4 AOA 33]*

*Case No. C-890350*
*Hamilton County (1st)*
*Decided June 27, 1990*

*Hugh F. Daly Esq., 900 Enquirer Building, 617 Vine Street, Cincinnati, Ohio 45202, for Plaintiff-Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General, and Alan P. Schwepe, Esq., 30 East Broad Street, 15th Floor, Columbus, Ohio 43266-0410, for Defendant-Appellee.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the oral arguments of counsel.

In January 1988, seventy-nine-year-old Fred Dawson (Dawson) suffered a serious stroke which left him paralyzed, bedridden, and unable to speak or to manage his own affairs. Dawson was transferred to a nursing home in early February 1988, and later that month, his wife, plaintiff-appellant Naomi Dawson, and son submitted a medicaid application on his behalf. Dawson was denied medicaid eligibility because his resources allegedly exceeded the allowable limitation due to his ownership of an automobile valued in excess of $7,000. Dawson, through his legal representative, appealed, and this decision to deny Dawson medicaid assistance was affirmed throughout the administrative appeal process.

While Dawson's administrative appeal was pending, Dawson, in October 1988, died. When all administrative remedies were exhausted, appellant, as executrix of Dawson's estate, appealed to the Hamilton County Court of Common Pleas pursuant to R.C. 5101.35(E) and 119.12. Defendant-appellee, the Department of Human Services (Department), moved to dismiss the appeal on the basis that the common pleas court lacked subject-matter jurisdiction to entertain the appeal since appellant was not a "party" within the meaning of R.C. Chapter 119. The

lower court denied appellant's motion to substitute appellant as the real party in interest pursuant to Civ. R. 17(A) and ultimately dismissed the appeal.

Appellant's single assignment of error contends that the lower court erred by dismissing the appeal. We agree and conclude, contrary to both the Department's position and the lower court's holding, that the appeal should not have abated upon Dawson's death.

An executor may ordinarily prosecute in his representative capacity any cause which his decedent could have instituted. *Oncu v. Bell* (1976), 49 Ohio App. 2d 109, 359 N.E.2d 712. The executor of an estate, as a legal representative, settles the decedent's affairs and "stands in [the decedent's] shoes" as far as entitlement to benefits is concerned. *See Hopper v. Nicholas* (1922), 106 Ohio St. 292, 302, 140 N.E. 186, 189; *Service Transport Co. v. Matyas* (1952), 63 Ohio Law Abs. 236, 108 N.E.2d 741, reversed on other grounds (1953), 159 Ohio St. 300, 112 N.E.2d 20.

In the case *sub judice,* the Department's counsel conceded during oral argument before this court that had Dawson lived, the lower court clearly would have had jurisdiction under R.C. 5101.35(E) and 119.12 to entertain the appeal. The record before us reflects that Dawson initiated the claim and the ensuing appeals when he applied for medicaid benefits in February 1988. Thus, upon Dawson's death, appellant merely "stood" in Dawson's "shoes" (as the qualified executrix of Dawson's estate) in proceeding with the appeal of the denial of Dawson's medicaid application.

Medicaid law is remedial in nature and therefore, pursuant to R.C. 1.11, must be interpreted liberally to assist the parties in obtaining justice. In applying this rule of construction to the instant appeal, we hold that appellant, as the qualified executrix of Dawson's estate, necessarily fits within the meaning of the terms "person," "party" and "appellant" as these terms are used in R.C. 5101.35(E) and 119.12. Accordingly, the lower court had jurisdiction to entertain, and erred by dismissing, the appeal.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with law.

*Judgment reversed and*
*cause remanded.*

UTZ, P.J., SHANNON and HILDEBRANDT, JJ.