**HARRIS, Appellant,**

v.

**PRISTERA, Appellee.**

[Cite as *Harris v. Pristera*, 194 Ohio App.3d 120, 2011-Ohio-2089.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2009–A–0059.

Decided April 29, 2011.

122

Gary Harris, pro se.

Michael Franklin, Ashtabula City Solicitor, and Lori B. Lamer, Assistant Solicitor, for appellee.

GRENDELL, Judge.

{¶ 1} Appellant, Gary Harris, appeals the November 25, 2009 judgment entry of the Ashtabula County Court of Common Pleas, dismissing Harris's appeal from the Ohio Board of Building Appeals' final order, based on a lack of standing, the February 9, 2010 judgment entry, overruling Harris's motion for a stay, and the August 27, 2010 judgment entry, overruling his motion for a new trial or relief from judgment.[1]  For the following reasons, we affirm the decision of the trial court.

{¶ 2} On August 4, 2009, the Ohio Board of Building Appeals heard an appeal based on a citation issued by the Ashtabula Fire Department.  The citation was issued against the property located at 4509–4515 Main Avenue, known as the former Carlisle's Department Store, located in Ashtabula, Ohio.  The hearing on this citation, held before the board, was entitled "Pittsburgh Mellon Holding Trust v. Ronald Pristera."  On August 6, 2009, the board issued a final order, upholding the citation, against Pittsburgh Mellon Holding Trust ("Pittsburgh Mellon").

---

1. Harris filed his original notice of appeal on December 28, 2009.  On September 30, 2010, Harris filed a notice of appeal regarding the February 9, 2010 judgment entry and the August 27, 2010 judgment entry, which was construed by this court as an amended notice of appeal, pursuant to App.R. 3(F).

{¶ 3} On October 6, 2009, Gary Harris filed a notice of appeal with the Ashtabula County Court of Common Pleas, from the August 6, 2009 final order of the board.

{¶ 4} On November 3, 2009, appellee, Ronald Pristera, chief of the Ashtabula Fire Department, filed a motion to dismiss the appeal, claiming that the action was not being prosecuted by or in the name of the real party in interest. Pristera asserted that the administrative proceedings below were in the name of Pittsburgh Mellon and the final order was directed at Pittsburgh Mellon. Pristera asserted that Pittsburgh Mellon is the owner of the Main Avenue property and that Harris did not participate in the board proceedings or object during the proceedings.

{¶ 5} Harris filed a reply to the motion to dismiss on November 24, 2009. Harris asserted that he was found to be the alter ego of the Pittsburgh Mellon Trust by the Cuyahoga County domestic-relations court.

{¶ 6} The trial court issued a judgment entry on November 25, 2009, stating that the title of the real estate located at 4509–4515 Main Avenue "remains in the name of the Pittsburgh Mellon Trust and Gary Harris is not the titled owner, and since he is not an attorney, he is not permitted to represent the Pittsburgh Mellon Trust." The trial court granted Pristera's motion to dismiss the appeal.

{¶ 7} On December 18, 2009, Harris filed a motion for relief from judgment, pursuant to Civ.R. 60(B), asserting that evidence regarding Harris's ownership of the Main Avenue property was omitted or not considered. He asserted that following divorce proceedings held before the Cuyahoga County domestic-relations court, he was awarded rights to the Main Avenue property. The judgment entry of that court, entered on September 22, 2003, states that Harris "is awarded all right, title and interest in" the real estate located at 4509 and 4515 Main Avenue.

{¶ 8} On December 28, 2009, Harris filed a motion for stay of proceedings.

{¶ 9} On February 9, 2010, the court issued a judgment entry overruling Harris's motion for a stay of proceedings.

{¶ 10} On February 26, 2010, Harris filed a motion for new trial or relief from judgment.

{¶ 11} On August 27, 2010, the trial court overruled these motions, stating that Harris "was not a party to the underlying administrative proceeding from which the administrative appeal at bar was taken," and that the appeal was properly dismissed by the court in its November 25, 2009 judgment entry.

{¶ 12} Harris timely appeals and asserts the following assignment of error:

{¶ 13} "The trial court erred [in] holding Gary Harris is not the sole own-er[/]party of interest of the Carlisle's building, overlooking collateral estoppel, or issue preclusion, binds a person to a finding of fact or point of law determined by a court of competent jurisdiction."

{¶ 14} The standard governing an administrative appeal taken pursuant to R.C. 3737.43 and 119.12 is that "a court of common pleas must affirm the decision of an administrative agency when that decision is supported by reliable, probative, and substantial evidence and is in accordance with the law." *Ruckstuhl v. Ohio Dept. of Commerce,* 11th Dist. No. 2008–G–2873, 2009-Ohio-3146, 2009 WL 1844481, at ¶ 19; *Baluk v. Div. of State Fire Marshall,* 8th Dist. No. 61734, 1993 WL 35602, at *2. "Appellate review is limited to determining whether the trial court abused its discretion in finding [that] the board's decision [was] supported by reliable, probative and substantial evidence." *Sohi v. Ohio State Dental Bd.* (1998), 130 Ohio App.3d 414, 421, 720 N.E.2d 187.

{¶ 15} The trial court in this instance did not reach the merits of the case. Instead, it dismissed the appeal for a lack of standing. "Whether established facts confer standing to assert a claim is a matter of law. We review questions of law de novo." *Portage Cty. Bd. of Commrs. v. Akron,* 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, at ¶ 90.

{¶ 16} Harris asserts that he has standing to appeal the decision of the board because a court had previously made a finding that he owned the Main Avenue property. The Cuyahoga County domestic-relations court, when distrib-uting the assets in Harris's divorce from his wife, Marlene Harris, made a finding that Harris owned the property. He argues that res judicata and collateral estoppel apply regarding the issue of whether Harris was the owner of the Main Avenue property because the Cuyahoga court decided this issue and awarded the property to Harris when dividing the marital property.

{¶ 17} Pristera asserts that res judicata and collateral estoppel do not apply in this case and that the trial court correctly dismissed Harris's appeal based on a lack of standing.

{¶ 18} "The doctrine of res judicata applies when (1) the judgment of a prior case is valid, final and was decided on the merits; (2) the judgment in the prior case was issued by a court of competent jurisdiction; (3) both the prior and present suit involve the same parties or those whose interest are adequately close to demonstrate a relationship of privity; and (4) both the prior and present case arose from the same transaction or occurrence." *Koehler v. Ohio Civ. Rights Comm.,* Trumbull App. No. 2005–T–0149, 2006-Ohio-5178, 2006 WL 2796492. The application of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding *with the same parties* or their

privities in the first action, and the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim. *Mike McGarry & Sons, Inc. v. Marous Bros. Constr., Inc.*, 11th Dist. No. 2009–L–056, 2010-Ohio-823, 2010 WL 759186, at ¶ 37.

{¶ 19} Collateral estoppel is one aspect of the doctrine of res judicata and precludes the relitigation in a second action of an issue that has been "actually and necessarily litigated and determined in a prior action." *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 195, 2 OBR 732, 443 N.E.2d 978. "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted *was a party in privity with a party to the prior action.*" (Emphasis added.) *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 183, 637 N.E.2d 917.

{¶ 20} Neither of these doctrines applies in the current case. Pristera is the party against whom Harris is attempting to assert the doctrine of collateral estoppel and res judicata. Essentially, Harris asserts that Pristera is unable to claim that Harris is not a real party in interest because the Cuyahoga County domestic-relations court found Harris to be the owner of the property at issue. Pristera was not a party to the divorce proceedings between Harris and his wife, Marlene, and has no connection with either of the parties that would establish privity, as is required when asserting res judicata and collateral estoppel. Therefore, Pristera was unable to raise the issue that Harris was not a party in interest or not the true owner of the Main Avenue property during the divorce proceedings. Harris cannot assert res judicata or collateral estoppel to bar the litigation of the issue of ownership of the Main Avenue property in the current proceedings.

{¶ 21} Additionally, res judicata is inapplicable because the cause of action in the prior divorce proceedings was unrelated to the present cause of action. The domestic-relations court has a different purpose in determining the ownership of property than the trial court in the present matter. The determination made by the domestic-relations court was as to the ownership of property between Marlene Harris and Gary Harris and neither collateral estoppel or res judicata precludes Pristera from asserting that Harris is not the property's owner.

{¶ 22} We now address whether the trial court properly determined that Harris did not have standing to bring an administrative appeal.

{¶ 23} "The common-law doctrine of standing provides that only those individuals who can demonstrate a present interest in the subject matter of the litigation and who have been prejudiced by the decision at issue are entitled to

appeal the same. *Willoughby Hills v. C.C. Bar's Sahara, Inc.* (1992), 64 Ohio St.3d 24, 26 [591 N.E.2d 1203]. The burden of establishing such entitlement rests with the individual seeking to appeal. Id." *Hofer v. Village of N. Perry Bd. of Zoning Appeals,* 11th Dist. No. 2007–L–165, 2008-Ohio-6876, 2008 WL 5393126, at ¶ 8.

{¶ 24} "Every action shall be prosecuted in the name of the real party in interest." Civ.R. 17(A). "If a party is not the real party in interest, the party lacks standing to prosecute the action." *Travelers Indemn. Co. v. R.L. Smith Co.,* 11th Dist. No. 2000–L–014, 2001 WL 369677, at *3, citing *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 77, 701 N.E.2d 1002. The real party in interest has been defined as the party who will directly be helped or harmed by the outcome of the action. The real party in interest must have a real interest in the subject matter of the litigation and not merely an interest in the outcome of the case. *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24, 20 OBR 210, 485 N.E.2d 701.

{¶ 25} In order to maintain an administrative appeal, the party appealing must be a real party in interest. *Santa v. Ohio Dept. of Human Servs.* (2000), 136 Ohio App.3d 190, 195, 736 N.E.2d 86 (where the party instituting the appeal to the trial court was not the real party in interest, "the trial court did not have jurisdiction to entertain the administrative appeal"); *Hills & Dales v. Ohio Dept. of Edn.,* 10th Dist. No. 06AP–1249, 2007-Ohio-5156, 2007 WL 2812988, at ¶ 20 (the party filing the administrative appeal "was not a party adversely affected by the appellee's decision because it was not and could not have been a party to the proceedings before the [administrative] agency").

{¶ 26} In the present case, Harris failed to provide any evidence to the trial court that would support his assertion that he is the real party in interest. He does not contend that he is a trustee, such that he would be entitled to bring suit on behalf of the trust. *Phillips v. May,* 11th Dist. No. 2003–G–2520, 2004-Ohio-5942, 2004 WL 2526409, at ¶ 40. He has not shown that he has title to the Main Avenue property. He conceded in his motions before the trial court that he had not transferred the property or titled it in his name. Although the Cuyahoga County domestic-relations court granted him an interest in the property, as against Marlene Harris, that finding is not dispositive of the issue of standing in this case. Additionally, Harris made no showing as to how he was associated with Pittsburgh Mellon that would allow the trial court, as well as this court, to make a determination about his interest in the proceedings.

{¶ 27} Even if the court were to consider the 2003 entry of the Cuyahoga County domestic-relations court granting Harris an interest in the property against his wife, the entry does not show that he is the current owner or title

holder of the property. That judgment alone does not show that Harris is a real party in interest.

{¶ 28} R.C. 3737.43(B) allows a party to appeal a board of building appeals decision if a "responsible person is aggrieved by an order of the board, the person may appeal to the court of common pleas where the property that is the subject of the citation is located." " 'Responsible person' means the person responsible for compliance with the state fire code, including, but not limited to, the owner, lessee, agent, operator, or occupant of a building, premises, or vehicle." R.C. 3737.01(F). Harris has not shown that he was the party responsible for the citation and for complying with any building codes. He cannot be considered a responsible party under R.C. 3737.43. Since Harris did not meet the burden of showing that he was a responsible party or a real party in interest, he did not have standing to pursue the appeal before the trial court.

{¶ 29} The sole assignment of error is without merit.

{¶ 30} The judgment entries of the Ashtabula County Court of Common Pleas, dismissing Harris's appeal from the Ohio Board of Building Appeals' final order, based on a lack of standing, are affirmed. Costs to be taxed against appellant.

Judgment affirmed.

TRAPP and WRIGHT, JJ., concur.

