[Cite as *Latimore v. Hartford Life & Acc. Ins. Co.*, 2012-Ohio-447.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| LILLIAN LOUISE LATIMORE | : | JUDGES: |
| JULIET LATIMORE | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 2011CA00227 |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY, et al. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No. 2010CV03809

JUDGMENT:     AFFIRMED IN PART; REVERSED AND
REMANDED IN PART

DATE OF JUDGMENT ENTRY:     January 30, 2012

APPEARANCES:

For Appellant:

JULIET A. LATIMORE, Pro Se
426 N. Franklin Ave.
Alliance, OH 44601

For Appellee-Hartford Life and Accident
Insurance Company:

MEGAN E. BAILEY
41 S. High St.
Columbus, OH 43215

CAROLINE H. GENTRY
One South Main Street, Suite 1600
Dayton, Ohio 45302

For Appellees-The Alliance Community
Hospital and Erik White, M.D.:

MICHAEL OCKERMAN
3737 Embassy Parkway
P.O. Box 5521
Akron, OH 44334

*Delaney, P.J.*

**{¶1}** Plaintiff-Appellant Juliet A. Latimore appeals the February 23, 2011 and September 30, 2011 judgments of the Stark County Court of Common Pleas.

**{¶2}** This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides in pertinent part:

**{¶3}** "(E) Determination and judgment on appeal.

**{¶4}** "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

**{¶5}** "The decision may be by judgment entry in which case it will not be published in any form."

**{¶6}** This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

**{¶7}** Lillian Louise Latimore was admitted to the Alliance Community Hospital emergency room on December 23, 2009 because she was non-responsive. Ms. Latimore's left lung collapsed while in the emergency room, allegedly due to a medical procedure she received in the emergency room. Ms. Latimore was released from the hospital on January 6, 2010. She was readmitted on January 7, 2010 and discharged on January 25, 2010. Ms. Latimore passed away on January 27, 2010.

**{¶8}** Ms. Latimore was covered under a group "Hospital Accident Insurance Policy" underwritten by Defendant-Appellee Hartford Life and Accident Insurance Company. Ms. Latimore was the named insured under the Policy and the sole

beneficiary of the Policy. A daily benefit is payable under the Policy to the insured when the insured suffers an "injury." An "injury" is defined by the Policy as "bodily injury resulting directly from accident and independently of all other causes which occurs while you are covered under the policy" that results in the insured's hospitalization. The Policy does not cover loss from "sickness or disease" and further states, "medical or surgical treatment of a sickness or disease [ ] is not considered as resulting from injury."

{¶9} Plaintiff-Appellant Juliet A. Latimore is Ms. Latimore's daughter and power of attorney.

{¶10} On March 30, 2010, Appellant filed a claim under the Policy on Ms. Latimore's behalf as her power of attorney. Appellant claimed Ms. Latimore was entitled to benefits under the policy for the days Ms. Latimore was hospitalized. Appellant claimed Ms. Latimore's collapsed lung, resulting in her hospitalization, was due to an accident caused by her treatment in the emergency room. Hartford subsequently denied her claim.

{¶11} On October 14, 2010, Appellant filed a complaint in the Stark County Court of Common Pleas. In her pro se complaint, Appellant requested damages against Defendant-Appellee Hartford Life and Accident Insurance Company for its failure to provide benefits to Ms. Latimore. Appellant also alleged medical negligence against Defendants-Appellees Alliance Community Hospital and Erik White, M.D. Appellant did not file an affidavit of medical negligence under Civ.R. 10(D)(2) with the complaint or file a contemporaneous motion requesting an extension of time to file the affidavit.

**{¶12}** Alliance Community Hospital and Dr. White filed a motion for judgment on the pleadings on January 3, 2011, for Appellant's failure to state a claim upon which relief could be granted and Appellant's failure to comply with Civ.R. 10(D)(2). Appellant did not oppose the motion. The trial court granted the motion on February 23, 2011 and dismissed Appellant's claims against Alliance Community Hospital and Dr. White with prejudice. On March 7, 2011, Appellant filed a motion for extension of time to file the affidavit of merit. The trial court denied the motion on April 28, 2011.

**{¶13}** Appellant filed a notice of appeal of the February 23, 2011 trial court decision. We dismissed Appellant's appeal on June 6, 2011 for lack of a final appealable order.

**{¶14}** Hartford filed a motion for summary judgment on August 5, 2011. In its motion, Hartford argued that Appellant lacked standing to bring the appeal, Appellant was engaging in the unauthorized practice of law, and the terms of the Policy barred Appellant's claim. The trial court granted Hartford's motion for summary judgment on September 30, 2011.

**{¶15}** It appears from Appellant's pro se brief that Appellant is appealing both the trial court's February 23, 2011 and September 30, 2011 decisions.

**{¶16}** Appellant's brief fails to comply with App.R. 16. There is no statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected pursuant to App.R. 16(A)(3). We can glean from Appellant's brief that she contends the trial court's decision to dismiss Alliance Community Hospital and Dr. White for her failure to comply with Civ.R. 10(D)(2) was in

error. Appellant next argues that the trial court erred in granting Hartford's motion for summary judgment.

**{¶17} Alliance Community Hospital and Dr. White**

{¶18} Alliance Community Hospital and Dr. White filed its motion for judgment on the pleadings, or in the alternative, a motion to dismiss on the grounds that Appellant failed to state a claim upon which relief could be granted under Civ.R. 12(B)(6) and Appellant's failure to file an affidavit of merit as required by Civ.R. 10(D)(2). The trial court granted the motion on February 23, 2011.

{¶19} The failure to file a Civ.R. 10(D)(2) affidavit is contested by way of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Fletcher v. Univ. Hosps. of Cleveland,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 13.

{¶20} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

{¶21} Pursuant to *Fletcher v. Univ. Hosps. of Cleveland,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶9-15, we find the trial court did not err in

dismissing Appellant's complaint against the Alliance Community Hospital and Dr. White for failure to provide the required affidavit.

{¶22} However, also pursuant to *Fletcher*, we find the trial court's dismissal of Appellant's complaint against Alliance Community Hospital and Dr. White with prejudice to be in error. The Ohio Supreme Court stated, ""[b]ecause courts are to construe the Civil Rules to achieve a just result, * * *, a dismissal for failure to comply with Civ.R. 10(D)(2) is without prejudice because it is an adjudication otherwise than on the merits." *Id.* at ¶ 20.

{¶23} We also note that Appellees have directly challenged the adequacy of Appellant's complaint pursuant to Civ.R. 12 (B)(6), however, as the Supreme Court noted in *Fletcher,* even if the trial court had correctly dismissed the case because, without the accompanying affidavit, unsupported conclusions are not sufficient to withstand such a motion, a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way. Id. at ¶ 14-17. A motion to dismiss goes towards the sufficiency of the complaint, and not towards the merits of the underlying claim. Thus, the dismissal should have been without prejudice in any event.

{¶24} We therefore sustain Appellant's appeal in part. The trial court's February 23, 2011 judgment dismissing the complaint is affirmed, but reversed to the extent it was done with prejudice. The matter is remanded to the trial court to enter an order dismissing the complaint against those parties without prejudice.

{¶25} **Hartford Life and Accident Insurance Company**

**{¶26}** Appellant also argues in her brief the trial court erred in granting Hartford's motion for summary judgment. We disagree.

**{¶27}** Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

**{¶28}** "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

**{¶29}** As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

**{¶30}** Hartford argued in its motion for summary judgment Appellant lacked standing to bring the complaint before the court because Appellant was not the real party in interest to the present action. We agree.

**{¶31}** Civ.R. 17(A) reads, "[e]very action shall be prosecuted in the name of the real party in interest." We stated in *Brumfield v. Eberly*, 5th Dist. No. 03 CA 28, 2004-

Ohio-1402, ¶30, "[t]he test for determining who is a real party in interest is: 'Who would be entitled to damages?' *Young v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.* (1993), 88 Ohio App.3d 12, 16, 623 N.E.2d 94."

{¶32} In this case, Ms. Latimore is the insured and named beneficiary of the Policy. Appellant is not a named beneficiary of the Policy. Appellant argues through the authority of her power of attorney, she is submitting a claim on Ms. Latimore's behalf and bringing a suit against Hartford for its failure to honor the claim. Appellant states the power of attorney permits Appellant "to compromise, settle or to sue and carry on any and all suits of legal proceedings" in Ms. Latimore's name or for her benefit. However, Appellant's authority to act on behalf of Ms. Latimore by virtue of the power of attorney lapsed upon Ms. Latimore's death. *Santa v. Ohio Dept. of Human Serv.*, 136 Ohio App.3d 190, 193, 736 N.E.2d 86 (8th Dist. 2000). *Accord Blackburn v. Ward*, 4th Dist. No. 05CA3014, 2006-Ohio-406. There is no Civ.R. 56 evidence presented that Appellant is the executor of Ms. Latimore's estate and is bringing the suit on the estate's behalf.

{¶33} Accordingly, there is no genuine issue of material fact that Appellant has no legal authority to act on Ms. Latimore's behalf. We agree with the trial court that Appellant is not the real party in interest to the present action and therefore has no standing to prosecute this action against Hartford.

{¶34} The trial court further found that because Appellant's authority under the power of attorney lapsed upon Ms. Latimore's death, Appellant lacks legal authority to represent Ms. Latimore pro se in a judicial proceeding. Appellant is not an attorney admitted to practice law in the State of Ohio. Appellant is not a beneficiary under the

Policy nor has Appellant presented evidence that she is the executor of Ms. Latimore's estate.

{¶35} R.C. 4705.01 states:

{¶36} "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules."

{¶37} Upon our de novo review, we find that reasonable minds can only conclude that Appellant is without standing or authority to bring this claim against Hartford.

{¶38} Accordingly, Appellant's appeal is sustained in part and overruled in part. The February 23, 2011 judgment of the Stark County Court of Common Pleas is affirmed in part and reversed only as to the trial court's dismissal of Appellant's complaint with prejudice. The matter is remanded to the trial court to enter an order dismissing Appellant's complaint against Alliance Community Hospital and Erik White, M.D. without prejudice.

By: Delaney, P.J.

Wise, J. and Edwards, J. concur.

HON. PATRICIA A. DELANEY

HON. JOHN W. WISE

HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

LILLIAN LOUISE LATIMORE          :
JULIET LATIMORE                  :
                                 :
        Plaintiff-Appellant      :
                                 :
-vs-                             :        JUDGMENT ENTRY
                                 :
HARTFORD LIFE AND ACCIDENT       :
INSURANCE COMPANY, et al.        :
                                 :        Case No. 2011CA00227
        Defendants-Appellees     :

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed in part, and reversed and remanded in part. Costs to be split between Appellant and Appellees Alliance Community Hospital and Erik White, M.D.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS