[Cite as *Morgan v. Price*, 2013-Ohio-3667.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | | |
|---|---|---|---|
| PATRICIA MORGAN, | : | **O P I N I O N** | |
| Plaintiff-Appellant, | : | | |
| - vs - | : | **CASE NO. 2013-G-3127** | |
| WILLIAM J. PRICE, et al., | : | | |
| Defendants-Appellees. | : | | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 06P000921.

Judgment: Affirmed.

*James M. Johnson*, 110 Hoyt Block Building, 700 W. St. Clair Avenue, Cleveland, OH 44113-1287 (For Plaintiff-Appellant).

*Gregory E. O'Brien*, Cavitch, Familo & Durkin Co., L.P.A., 1300 East Ninth Street, 20th Floor, Cleveland, OH 44114 (For Defendant-Appellee, William J. Price).

*David W. Jevnikar*, Newman, Leary and Brice, 214 East Park Street, Chardon, OH 44024 (For Defendant-Appellee, The Estate of Raymond E. Long).

THOMAS R. WRIGHT, J.

{¶1} This accelerated-calendar appeal is from a final judgment of the Geauga County Court of Common Pleas. Appellant, Patricia Morgan, seeks reversal of the trial court's determination overruling her motion to enforce a settlement agreement that she allegedly reached with the insurer of appellee, William J. Price. Essentially, she asserts that the trial court erred in holding that it did not have the authority to address the merits of the motion to enforce.

{¶2}   On August 13, 2006, appellant was a passenger on a motorcycle driven by Raymond Long.   As the motorcycle was proceeding north on Ravenna Road in Chardon, Ohio, a motor vehicle operated by appellee crossed the road's centerline and hit the motorcycle head-on.   Although appellant sustained a number of serious injuries, including two broken legs and two crushed vertebrae, Long died as a result of his injuries.

{¶3}   The cause of the accident was attributable solely to appellee's negligence. At the time of the accident, appellee was covered under a motor vehicle insurance policy which he had personally purchased from Nationwide Mutual Insurance Company. He was also covered under an insurance policy issued by his employer, AIG Insurance Company.

{¶4}   Within 40 days of the accident, appellant instituted a negligence action against appellee and Long's estate in the Geauga County trial court.   Before appellee could answer the complaint, appellant entered into settlement negotiations with AIG and Nationwide.   The separate negotiations with AIG resulted in a written settlement, under which appellant agreed to accept a sum of $900,000 in return for executing a release of all claims against appellee.   In regard to the release, the "AIG" settlement had a specific provision defining the nature of all "claims" appellant was waiving as a consequence of accepting the payment.   This type of provision was also set forth in the separate written settlement agreement that Long's estate executed with AIG.

{¶5}   According to appellant, her trial attorneys were also able to reach an oral settlement with appellee's personal carrier, Nationwide.   Supposedly, an agent agreed on behalf of Nationwide to pay the sum of $300,000, the policy's limit for multiple claims. Of that amount, appellant allegedly would receive $150,000, and the remainder would

2

be awarded to Long's estate.

{¶6} On November 20, 2006, appellant filed a notice of voluntary dismissal of the entire case, pursuant to Civ.R. 41(A). The notice did not indicate the reason for the dismissal, nor was any reference made to the alleged oral settlement with Nationwide. Ten days later, the trial court executed an order which basically approved the voluntary dismissal. The order consisted of a one-line statement stamped on the first page of the 41(A) notice, and also did not have any reference to the "Nationwide" settlement or the "AIG" settlement.

{¶7} No new proceedings were held in the Geauga County action over the next five years. In August 2008, appellant and Long's estate initiated a separate case solely against Nationwide in the Lorain County Court of Common Pleas. Under the first claim of their amended complaint, they asserted that Nationwide had failed to comply with the terms of the purported oral settlement by refusing to pay the $300,000. After the Lorain County action remained pending for over three years, Nationwide moved for summary judgment on the entire amended complaint, primarily arguing that any claim of appellant and the estate arising from the 2006 accident was barred under the release provisions in the "AIG" settlement agreements. In its final judgment of April 27, 2012, the Lorain County trial court found the release provisions binding and, therefore, ruled against the estate and appellant on all of their pending claims against Nationwide.

{¶8} Five months after the conclusion of the Lorain County case, appellant filed her motion before the Geauga County trial court to enforce the alleged oral settlement with Nationwide. She maintained that, since Nationwide refused to admit the existence of the oral settlement, an evidentiary hearing was needed to decide the factual dispute.

{¶9} After Nationwide submitted a written response to the motion, the trial court

3

conducted an abbreviated evidentiary hearing. In trying to demonstrate that a separate oral settlement was reached with Nationwide's agent, appellant presented the testimony of the two attorneys who had represented her when the Geauga County was originally brought in September 2006. In response, Nationwide introduced into evidence certified copies of documents from the Lorain County action, including the amended complaint, the motion for summary judgment, and the final judgment.

{¶10} In its December 7, 2012 judgment denying the motion to enforce, the trial court cited three reasons. First, the court held that it lacked the authority to enforce any purported settlement because there had been no reservation of jurisdiction at the time of the voluntary dismissal. Second, the court concluded that any claim appellant may have had against Nationwide based upon a settlement was already fully litigated in the Lorain County action. Third, the court found that the release provision in the "AIG" settlement precluded appellant from seeking additional recovery from appellee Price or Nationwide.

{¶11} In appealing the foregoing decision, appellant asserts one assignment of error for review:

{¶12} "The trial court erred in denying plaintiff/appellant's motion to enforce settlement."

{¶13} Under her sole assignment, appellant has challenged the merits of each of the three reasons cited by the trial court in support of its decision. First, she argues that the trial court erred in concluding that it lacked the necessary jurisdiction to enforce the purported oral settlement with Nationwide. Citing general case law, appellant contends that a trial court always retains continuing jurisdiction to determine the basic terms of an agreement which had the effect of settling the pending case.

4

{¶14} The Supreme Court of Ohio has expressly recognized that a trial court has the inherent authority to enforce a settlement agreement reached by the parties during the pendency of a civil case. *See Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34 (1984). To this extent, Ohio case law supports appellant's general assertion. However, in this instance, the motion to enforce the alleged settlement was not filed while the underlying case was pending before the trial court; rather, the case was voluntarily dismissed more than five years before the motion was submitted. In considering similar scenarios, this court has stated that a trial court does not automatically retain jurisdiction to entertain a motion to enforce following the dismissal of the entire underlying action:

{¶15} "[A] trial court is divested of jurisdiction to proceed when it unconditionally dismisses the action upon which the motion to enforce is premised. *Tabbaa v. Koglman*, 149 Ohio App.3d 373, 377, 2002 Ohio 5328, * * *, citing *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, * * *. In other words, if a case is 'unconditionally dismissed,' the court is without jurisdiction to take further action on the case, including efforts to enforce a settlement agreement arising out of the dismissed action. See, e.g., *Bugeja v. Luzik*, 7th Dist. No. 06 MA 50, 2007 Ohio 733, at ¶7. 'The determination of whether a dismissal is unconditional, thus depriving a court of jurisdiction to entertain a motion to enforce a settlement agreement, is dependent upon the terms of the dismissal.' *Le-Air Molded Plastics, Inc. v. Goforth*, (Feb, 24, 2000), 8th Dist. No. 74543, 2000 Ohio App. LEXIS 653, *9, citing *Showcase Homes, Inc. v. The Ravenna Savings Bank* (1998), 126 Ohio App.3d 328, * * *." *Nova Information Systems, Inc. v. Current Directions, Inc.*, 11th Dist. Lake No. 2006-L-214, 2007-Ohio-4373, ¶14.

{¶16} The *Nova Information* case involved a "mutual" dismissal by both parties with prejudice. *Id.* at ¶2. Nevertheless, prior to *Nova Information*, this court followed the

5

same basic analysis in regard to a Civ.R. 41(A)(1) voluntary dismissal without prejudice. *See Grange Mutual Casualty Co. v. Paterson*, 11th Dist. Ashtabula No. 98-A-0086, 1999 Ohio App. LEXIS 5512.  Under such a scenario, a trial court loses all jurisdiction over a case unless the dismissal notice expressly states or implies that the dismissal is conditioned upon the occurrence of a specific event: i.e., performance of the settlement agreement.  *Id.* at *8.

{¶17} In this case, appellant's November 2006 notice of voluntary dismissal did not have any language indicating that the dismissal was conditioned upon any future event.  Moreover, the notice did not even contain any reference to an alleged settlement agreement between appellant and appellee's two insurers.  Hence, the wording of the notice can only be construed to support the conclusion that appellant's dismissal of the underlying action was unconditional.

{¶18} In addition, even though a separate dismissal order by the trial court was unnecessary in relation to a Civ.R. 41(A)(1) voluntary dismissal, *id.* at *8, that order did not have any language from which it could be inferred that the court intended to retain jurisdiction over the action for any purpose.

{¶19} Given the complete absence of any "conditional" language in the voluntary dismissal notice, the Geauga County trial court did not retain any continuing jurisdiction over appellant's case.  As a result, the trial court did not have any authority to consider the merits of appellant's motion to enforce.  On this basis alone, the trial court's decision denying the motion to enforce was justified.

{¶20} As the second basis for its decision, the trial court held that appellant was barred from going forward on the motion to enforce because the basic substance of her motion had already been fully addressed in the separate Lorain County proceeding.  In

6

challenging this aspect of the appealed decision, appellant submits that the doctrine of res judicata does not apply because the final ruling of the Lorain County trial court is not a valid, enforceable judgment. Specifically, she argues that the Lorain County judgment is a nullity because she and Long's estate did not follow the required procedure for bringing an action against an insurance company. Citing R.C. 3929.06, she claims that she and the estate were not entitled to "sue" Nationwide until they had obtained a judgment against the tortfeasor, appellee.

{¶21} R.C. 3929.06 governs the rights of a judgment creditor to obtain relief from the tortfeasor's insurance company. Division (A)(1) of the statute states that if a plaintiff is awarded damages in a final civil judgment for injury, death, or loss to her property or person, and if the defendant had insurance covering such injury, death, or loss, then the plaintiff "is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the [defendant's] policy of liability insurance applied to the satisfaction of the final judgment." Division (A)(2) further states that if the plaintiff, i.e., judgment creditor, has not received payment of the foregoing sum from the defendant's insurer within thirty days of the issuance of the final judgment, "the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount." In relation to the filing of a separate civil action against the defendant's insurer, R.C. 3929.06(B) provides:

{¶22} "(B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in

7

division (A)(2) of this section."

{¶23} Essentially, appellant contends that R.C. 3929.06(B) should be construed broadly to apply to any action brought by the plaintiff against the tortfeasor's insurance company. However, the quoted language from divisions (A)(1) and (A)(2) of the statute does not support her interpretation. Instead, the statute is clearly intended to only apply to actions in which a plaintiff seeks direct recovery from the insurance company for any injuries caused by the insured defendant. R.C. 3929.06(B) stops the injured party from seeking direct recovery until after the defendant's liability has been established in a final judgment.

{¶24} In appellant's Lorain County proceeding, the first claim of her original and amended complaint did not directly seek recovery from Nationwide for the injuries she suffered in the 2006 motor vehicle accident. Rather, her first claim sought recovery on the purported settlement agreement her trial attorneys negotiated with Nationwide. To this extent, appellant's first claim was contractual in nature, and therefore would not be barred under R.C. 3929.06(B). This means that the Lorain County judgment was valid despite the fact that appellant never obtained a final judgment against appellee for the injuries she sustained in the underlying accident.

{¶25} "'The doctrine of res judicata applies when (1) the judgment of a prior case is valid, final and was decided on the merits; (2) the judgment in the prior case was issued by a court of competent jurisdiction; (3) both the prior and present suit involve the same parties or those whose interest are adequately close to demonstrate a relationship of privity; and (4) both the prior and present case arose from the same transaction or occurrence.' *Montecalvo v. Am. Family Ins. Co.*, 11th Dist. No. 2006-T-0074, 2006 Ohio 6881, at ¶7 * * *." *Harris v. Pristera*, 194 Ohio App.3d 120, 2011-Ohio-

8

2089, ¶18 (11th Dist.). In this case, the various exhibits Nationwide presented during the evidentiary hearing were sufficient to establish each of the four requirements for the application of res judicata. As to the third requirement, even though appellee Price was not a party to the Lorain County action, his contractual relationship with Nationwide was sufficient to demonstrate privity. Accordingly, the trial court correctly concluded that the motion to enforce was barred from further consideration under res judicata.

{¶26} Under the third argument in her sole assignment, appellant addresses the actual merits of her motion to enforce and whether she was entitled to recover under the alleged settlement with Nationwide notwithstanding the "release" provision in the "AIG" settlement. However, given that the trial court did not have the requisite jurisdiction to proceed on the motion to enforce, the substance of appellant's third argument is moot, and need not be reviewed for purposes of this opinion. *See* App.R. 12(A)(1)(c).

{¶27} As appellant has failed to establish that the trial court erred in denying her motion to enforce the purported settlement with Nationwide, her sole assignment is not well-taken. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

9