[Cite as *Farran v. Cleveland Civ. Serv. Comm.*, 2014-Ohio-823.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99851

---

# MATTHEW FARRAN

### PLAINTIFF-APPELLANT

vs.

# CITY OF CLEVELAND
# CIVIL SERVICE COMMISSION

### DEFENDANT-APPELLEE

---

## JUDGMENT:
AFFIRMED

---

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-789156

**BEFORE:** Stewart, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**ATTORNEY FOR APPELLANT**

Nancy C. Schuster
Schuster & Simmons Co., L.P.A.
The Bevelin House
2913 Clinton Avenue
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
City of Cleveland Law Director

BY:    Theodora M. Monegan
Chief Assistant Law Director
City Hall
601 Lakeside Avenue, Room 106
Cleveland, OH    44114

MELODY J. STEWART, J.:

{¶1} The city of Cleveland filed four different complaints during a ten-month period against appellant-employee Matthew Farran. The first three complaints resulted in suspensions; the fourth complaint led to a mandatory dismissal as required by the city's progressive discipline policy. All four complaints were consolidated for hearing and upheld by a referee. The Cleveland Civil Service Commission ("commission") likewise upheld the suspensions and termination. On administrative appeal, the court of common pleas found that Farran received procedural and substantive due process and that the termination was justified under the city's progressive disciplinary policy. This appeal followed and raises two issues of law: whether the commission relied upon inadmissible hearsay in upholding the suspensions and whether the city denied Farran due process by hearing the four separate disciplinary complaints in one proceeding against him for purposes of establishing the chain of infractions necessary to justify termination.

I

{¶2} When a court of appeals reviews a common pleas decision in an administrative appeal, its standard of review is far more circumscribed than that employed by the court of common pleas. R.C. 2506.04 gives the court of common pleas the authority to review and hear additional evidence; thus, its obligation to examine the record to determine whether there is "substantial, reliable and probative evidence"

involves both factual and legal determinations. *Cincinnati Bell, Inc. v. Glendale*, 42 Ohio St.2d 368, 370, 328 N.E.2d 808 (1975).

**{¶3}** An appellate court reviewing an R.C. Chapter 2506 administrative appeal from a common pleas court decision is limited to questions of law. We do not have the same extensive power to weigh the preponderance of substantial, reliable, and probative evidence as is granted to the lower court. *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433. However, "within the ambit of 'questions of law' for appellate court review would be abuse of discretion by the common pleas court." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984), fn. 4.

## II

**{¶4}** Farran first argues that the court erred by relying on hearsay offered by the complainant in the fourth and final disciplinary proceeding against him. The substance of that complaint was that Farran, a manager with the city's Department of Port Control, relayed to the complainant disparaging remarks another manager had made about the complainant. Those remarks were contained on a tape recording that had been made without the other manager's knowledge or permission. The complainant did not testify before the referee, but the referee considered the complainant's written statement documenting Farran's use of the tape recording.

**{¶5}** Although administrative appeals to government agencies are required to comport with fundamental aspects of due process, they are not judicial proceedings.

Consequently, the rules of evidence "do not directly apply in administrative proceedings[.]" *Plain Loc. Schools Bd. of Edn. v. Franklin Cty. Bd. of Rev.*, 130 Ohio St.3d 230, 2011-Ohio-3362, 957 N.E.2d 268, ¶ 20; *Simon v. Lake Geauga Printing Co.*, 69 Ohio St.2d 41, 44, 430 N.E.2d 468 (1982). When evidence is admitted despite being hearsay, the trier of fact must consider whether the evidence is reliable enough to be considered substantial and probative. *In re Petition for Annexation of 162.631 Acres*, 52 Ohio App.3d 8, 15, 556 N.E.2d 200 (10th Dist.1988). This is a question going to the weight, not the admissibility, of the evidence.

{¶6} Farran argues that the complainant's statement was hearsay and should not have been admitted because it lacked trustworthiness (the city was unable to confirm the existence of any recording or recording device in Farran's office); the city had previously considered the complainant untrustworthy in unrelated employment proceedings (he had been terminated for having "acrimonious altercation[s]" with other employees); and the complainant had a motive to lie about Farran (the complainant apparently had a long-standing dispute with the manager who made the critical comments that were recorded on tape and was using the incident to "get back" at management — in this case Farran, who was a ready "foil" — for years of complaints and discipline).

{¶7} With the rules of evidence inapplicable, the city did not need to provide definitive proof that Farran made the recording, or even that a recording existed, to have the worker's statement admitted before the referee. To say that the referee had to determine whether the statement was reliable or trustworthy was a question going to the

weight of the city's evidence, not its admissibility. An appellate court hearing an administrative appeal from the court of common pleas cannot review questions going to the weight of the evidence. For our purposes, it is enough to say that the court did not err as a matter of law by finding that the referee did not err by considering the complainant's written statement in the absence of his direct testimony at the hearing.

III

{¶8} Farran next argues that the city failed to adhere to its progressive disciplinary policy because the city did not demonstrate how any of his three suspensions were justified.

{¶9} We discern no issues of law in the substance of this assignment of error. Importantly, Farran phrases his entire argument in terms of the city's failure to show "how a 10-day suspension was appropriate for the first charge, how a 30-day suspension was appropriate for the second and third in accord with the Progressive Discipline Policy or assuming the charge was properly supported, to justify termination." Appellant's brief at 10. While it was the city's duty to support its decision to terminate before the referee, the referee's decision to uphold the termination meant that the duty to show error on appeal shifted to Farran. His argument, quoted in its entirety above, fails to carry his burden and in any event relies on a weighing of the evidence that is beyond the scope of an appeal to this court.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR