[Cite as *Estate of Hunter v. Dept. of Job & Family Servs.*, 2018-Ohio-1969.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105851**

**ESTATE OF OSCAR HUNTER**

PLAINTIFF-APPELLANT

vs.

**OHIO DEPARTMENT OF JOB
AND FAMILY SERVICES**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-852977

**BEFORE:** Stewart, P.J., Blackmon, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 17, 2018

**ATTORNEYS FOR APPELLANT**

Joseph F. Petros
W. Cory Phillips
Rolf Goffman Martin Lang, L.L.P.
30100 Chagrin Boulevard, Suite 350
Cleveland, OH 44122


**ATTORNEYS FOR APPELLEE**

Michael DeWine
Ohio Attorney General

James Andrew Stevens
Amy R. Goldstein
Assistant Attorneys General
Health and Human Services Section
30 East Broad Street, 26th Floor
Columbus, OH 43215

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant estate of Oscar Hunter appeals from a common pleas court decision affirming an Ohio Department of Jobs and Family Services ("agency") dismissal of his administrative appeal from the denial of Medicaid benefits on grounds that it was untimely filed. The estate's two assignments of error collectively claim that the court erred because the agency did not give it proper notice that the claim had been denied.

{¶2} Our standard of review from decisions by the court of common pleas in administrative appeals is limited: we can only determine whether the court of common pleas abused its discretion. *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096, ¶ 41. We do, however, address questions of law de novo, with no deference to the court of common pleas. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, 784 N.E.2d 753, ¶ 15 (10th Dist.).

{¶3} The facts are undisputed. Hunter was admitted to a nursing home on July 30, 2013, and that same day applied for Medicaid long-term care services. The agency denied the application in April 2014 because Hunter did not meet the financial requirements for benefits. The nursing home filed a request for a state hearing[1] on the application, but the agency dismissed the request in December 2014 because the nursing home failed to provide documentation showing that it had been authorized to proceed as Hunter's representative. The agency notified Hunter that "[u]nless you request an administrative appeal, dismissal is a final and binding decision on your request for state hearing." Hunter took no further appeal from the dismissal.

---

[1] Initial applications for benefits are made to the agency. When the application is made, the agency must give the applicant notice of the right to a "state hearing" at which the applicant can be represented by "an authorized representative." *See* Ohio Adm.Code 5101:6-2-01(A).

{¶4} After securing the necessary permission to act as Hunter's representative, the nursing home filed a second application for long-term care services on August 5, 2014. The agency approved the application effective August 1, 2014. The estate sought a state hearing on whether the application should have been made effective from July 30, 2013, when Hunter filed his first application for benefits. The request for a hearing was denied.

{¶5} The estate appealed to the court of common pleas, arguing that the agency failed to properly process the July 2013 application for medical assistance by not seeking and reviewing required financial documents, failing to explore all medical assistance options, and failing to give proper notice that the July 2013 application had been dismissed. The agency argued that it correctly denied Hunter's August 2014 request to backdate his Medicaid eligibility to July 2013. It maintained that Hunter's failure to appeal the July 2013 decision waived his claims of procedural defects, and that Hunter could not bootstrap challenges to the July 2013 application for benefits in an appeal from the separate August 2014 application. The court summarily denied Hunter's appeal, finding the agency's decision to be supported by reliable, probative, and substantial evidence and issued in accordance with law.

{¶6} The estate argues that the agency could not "dismiss" the July 2013 request for a state hearing because dismissal was not an available dispositional option. It maintains a request for a state hearing can only be *denied* if (1) the request is untimely, or (2) the request was not made by the individual or authorized representative. *See* Ohio Adm.Code 5101:6-5-03(C).[2] The estate concedes that Hunter's request for a state hearing in the first application for benefits was made by his nursing home, who was not an authorized representative, and thus lacked

---

[2] A request for a state hearing can be *dismissed* only if (1) the hearing request is withdrawn before the state hearing decision is issued or (2) the request for a state hearing is abandoned. *See* Ohio Adm.Code 5101:6-5-03(E).

standing to request a state hearing. Citing authority for the proposition that dismissals for want of standing do not have preclusive effect because they are not decided on the merits, *see, e.g., State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, ¶ 51, the estate claims that the dismissal of the state hearing on the first application for benefits was not a decision on the merits, but a recognition of a procedural defect that effectively meant that the July 2013 request for a state hearing had never been properly requested.

{¶7} Hunter plainly had standing to request a state hearing because he had "a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51, 507 N.E.2d 323 (1987). He may have lacked the mental capacity to request a state hearing (he had a legal guardian at the time), necessitating that the request be made by a personal representative. A personal representative is said to "stand in the shoes" of the represented person. *McDonald v. State Farm Mut. Auto. Ins. Co.*, 8th Dist. Cuyahoga No. 76808, 2000 Ohio App. LEXIS 3621, 18 (Aug. 10, 2000). A claim brought on behalf of a represented person depends on the represented person's standing to bring an action because the represented person is the real party in interest. *See* Civ.R. 17(A); Ohio Adm.Code 5101:6-3-02(A)(1) ("A state hearing may only be requested by or on behalf of an individual applying for or receiving benefits.").

{¶8} It is true that the nursing home in this case was not properly authorized as Hunter's personal representative for the state hearing on the July 2013 application for benefits. Its attempt to seek a state hearing did not bind Hunter. Nevertheless, without further appeal, the state hearing decision became final and binding. Even if we consider the nursing home's request for state hearing to be a nullity, Hunter was nonetheless required to adhere to the 90-day

time limit for seeking a state hearing. *See* Ohio Adm.Code 5101:6-3-02(B)(1) ("The individual shall be allowed ninety calendar days to request a hearing on any action or inaction.").

{¶9} The estate argues that it could validly raise objections to the rejection of the state hearing in the July 2013 decision in the August 2014 request for a state hearing because the agency failed to give any notice of the July 2013 decision.

{¶10} The 90-day time limit for challenging an adverse decision begins only after the date the notice of action is mailed. *See* Ohio Adm.Code 5101:6-3-02(B)(2). The estate noted that the record does not contain any documentation that notice of the state hearing on the July 2013 decision had been mailed, so it maintains that the 90-day time limit for challenging the decision never began to run. The administrative record refutes the estate's argument: a document shows that the agency mailed notice that it rejected Hunter's claim on April 17, 2014. And that mailed notice was obviously received; hence the nursing home's failed attempt to appeal from that decision. The estate cannot maintain that the agency failed to give adequate notice of the July 2013 decision.

{¶11} The estate's failure to timely appeal the denial of the July 2013 application for benefits meant that the decision became final and binding. The estate is foreclosed from relitigating questions resolved in the July 2013 denial of benefits in the August 2014 application for benefits. *Keech v. Ohio Dept. of Jobs & Family Servs.*, 6th Dist. Erie No. E-11-007, 2011-Ohio-6314, ¶ 32.

{¶12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
LARRY A. JONES, SR., J., CONCUR