[Cite as *Tiggs c/o Indian hills Healthcare Group, Inc. v. Ohio Dept. of Job & Family Servs.*, 2018-Ohio-3164.]

Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106022**

**PERSEY TIGGS C/O INDIANHILLS HEALTHCARE GROUP, INC.**

PLAINTIFF-APPELLEE

vs.

**OHIO DEPARTMENT OF JOB AND
FAMILY SERVICES**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; DISMISSED IN PART

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-874398

**BEFORE:** Celebrezze, J., E.A. Gallagher, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** August 9, 2018

**ATTORNEYS FOR APPELLANT**

Michael DeWine
Ohio Attorney General
BY:    Rebecca L. Thomas
Assistant Attorney General
Health & Human Services Section
30 East Broad Street, 26th Floor
Columbus, Ohio 43215


**ATTORNEY FOR APPELLEE**

Jennifer Coy
SB2 Inc.
1426 North Third Street, Suite 200
P.O. Box 5400
Harrisburg, Pennsylvania 17110

FRANK D. CELEBREZZE, JR., J.:

{¶1}   Defendant-appellant, the Ohio Department of Job and Family Services (hereinafter "appellant"), brings this appeal challenging the trial court's order modifying appellant's decision. After a thorough review of the record and law, this court affirms in part and dismisses in part.

## I. Factual and Procedural History

{¶2}   Persey Tiggs (hereinafter "Tiggs") was a Medicaid recipient residing in a long-term care nursing facility, The Willows. In May 2013, Tiggs was adjudicated mentally incompetent and a guardianship was appointed by the probate court. *See* Cuyahoga P.C. No. 2013GRD188248. In September 2015, Tiggs's Medicaid benefits were terminated because appellant became aware that Tiggs, as a beneficiary, had come into possession of a life insurance policy. This policy made Tiggs financially ineligible for Medicaid because Tiggs could liquidate the policy and receive a cash value.

{¶3} On September 12, 2015, appellant sent Tiggs a notice stating that his Medicaid benefits were proposed to be terminated because of the life insurance policy. However, through an error, Tiggs continued to receive Medicaid benefits through August 2016.

{¶4} On August 4, 2016, Tiggs's guardian, a relative of Tiggs, executed a "designation of authorized representative" form pursuant to Ohio Adm.Code 5160:1-2-08(C)(1), naming The Willows as Tiggs's authorized representative. On August 12, 2016, The Willows reapplied for Tiggs's Medicaid benefits and Tiggs's reapplication was subsequently denied on October 20, 2016, because of the life insurance policy.

{¶5}   Tiggs requested a state hearing to appeal the denial of his August 2016 reapplication. At issue was whether or not Tiggs had the ability to access the proceeds of the life insurance policy. Under the Medicaid rules, if Tiggs had access to the policy, the policy

would be deemed a resource and because the cash surrender value of the policy ($5,289.40) exceeded Medicaid eligibility requirements, Tiggs would be ineligible for Medicaid.

{¶6} The Willows represented Tiggs at the state hearing. The Willows, as Tiggs's authorized representative, argued that Tiggs was the insured under the policy but not the policy owner. The Willows further stated that the policy owner was deceased. The Willows also stated that at the probate level proceedings, Tiggs's guardian inquired of the probate court magistrate whether the magistrate would allow Tiggs access to the policy. The Willows stated that the probate court magistrate "preferred not" to allow Tiggs to access the policy. However, the state hearing officer noted that no proof was submitted at the hearing to support the probate court magistrate's statement.

{¶7} On November 14, 2016, the hearing officer overruled Tiggs's appeal and found that the weight of the evidence supported denial of Tiggs's Medicaid benefits, noting the lack of evidence demonstrating that the life insurance policy could not be accessed by Tiggs through reasonable efforts. The state hearing decision did not address the merits of the September 2015 termination of Medicaid benefits but ruled that because Tiggs was presently not eligible for Medicaid, his appeal of the September 2015 termination of Medicaid was moot.

{¶8} Tiggs requested an administrative appeal challenging the state hearing decision. On appeal, Tiggs argued that the state hearing decision erred by not addressing the September 2015 termination of Tiggs's Medicaid benefits. The administrative appeal overruled this argument stating that because Tiggs was presently not eligible for Medicaid, his appeal of the September 2015 termination of Medicaid was moot. The administrative appeal also overruled Tiggs's appeal of the state hearing decision's findings that the insurance policy was not unavailable. The administrative appeal noted that:

[w]hile [The Willows] testified that the probate court magistrate would not allow [Tiggs] access to the policy, there are no court documents or letters from the magistrate in [the] state hearing record. Without some evidence to support his claim that the policy is unavailable, we agree with the state hearing decision that the weight of the evidence supports the denial.

{¶9} The Willows filed a notice of appeal of the administrative appeal decision to the trial court. After holding oral arguments, the trial court issued an order modifying the December 15, 2016 administrative appeal decision. Specifically, the trial court ordered appellant to determine if either The Willows or Tiggs's guardian could assist in accessing the life insurance policy. Further, the trial court ordered that if neither The Willows nor Tiggs's guardian can assist with accessing the life insurance policy, then appellant is ordered to refer the matter to appellant's legal counsel for further review.

{¶10} Appellant filed this instant appeal requesting that this court reverse the trial court's order and affirm the administrative appeal decision. Here, appellant raises the following assignments of error for review:

(1) The lower court wrongly concluded that Mr. Tiggs's nursing facility could bring an appeal in court to challenge the termination of his Medicaid benefits.

(2) The lower court wrongly entertained the nursing home's argument that Mr. Tiggs's life insurance policy was inaccessible due to his incompetence and that this triggered a duty to assist on the part of the agency.

(3) The lower court wrongly concluded that the agency had an obligation under

Ohio Adm.Code 5160:1-2-01(F)(5) to determine whether someone was available

to assist Mr. Tiggs in accessing his life insurance policy.

## II. Law and Analysis

{¶11} The Medicaid program provides "federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." *Harris v. McRae*, 448 U.S.

297, 301, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980); *see also Wisconsin Dept. of Health & Family Servs. v. Blumer*, 534 U.S. 473, 479, 122 S.Ct. 962, 151 L.Ed.2d 935 (2002). Specific to the instant case, Ohio's Medicaid eligibility requirements are defined within R.C. Chapter 5163, which authorizes appellant to act as the sole state agency to supervise the administration of the Medicaid program, and to promulgate rules relating to Medicaid eligibility.

{¶12} "R.C. 5101.35 authorizes an administrative appeal from the Ohio Department of Job and Family Services' decision [on Medicaid eligibility issues]." *Clark v. Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 105642, 2017-Ohio-9173, ¶ 7-8. As we recently noted in *Clark*:

> "An appellant is first entitled to a state hearing by the ODJFS. R.C. 5101.35(B). That decision may be appealed to the director of the ODJFS. R.C. 5101.35(C). An appellant who disagrees with the administrative appeal decision of the director (or the director's designee) may appeal the decision to the court of common pleas, pursuant to R.C. 119.12. R.C. 5101.35(C)."

*Clark* at ¶ 3, fn. 1, quoting *Rodefer v. McCarthy*, 2015-Ohio-3052, 36 N.E.2d 2221, ¶ 35 (2d Dist.). *See also George v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 04AP-351, 2005-Ohio-2292, ¶ 32. The trial court must then conduct a hearing, consider the entire record, and must affirm an agency's decision where it is supported by "reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. *See also Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 109-110, 407 N.E.2d 1265 (1980). "'[C]ourts * * * must give due deference to an administrative interpretation formulated by an agency that has accumulated substantial expertise, and to which the General Assembly has delegated the responsibility of implementing the legislative command."' *Bernard v. Unemp. Comp. Rev. Comm.*, 136 Ohio St.3d 264, 2013-Ohio-3121, 994 N.E.2d 437, ¶ 12, quoting *Swallow v. Indus. Comm. of Ohio*, 36 Ohio St.3d 55, 57, 521 N.E.2d 778 (1988). *See Jones Metal Prods. Co. v.*

*Walker*, 29 Ohio St.2d 173, 181, 281 N.E.2d 1 (1972) (finding that deference is afforded to an administrative agency's interpretation of its own rules and regulations if such an interpretation is consistent with statutory law and the plain language of the rule itself).

{¶13} A court of appeals' review is more limited, determining only whether the court of common pleas abused its discretion in finding that the decision of the administrative agency was supported by reliable, probative, and substantial evidence. *Kinasz-Reagan v. Ohio Dept. of Job & Family Servs.*, 164 Ohio App.3d 458, 2005-Ohio-5848, 842 N.E.2d 1067, fn. 2 (8th Dist.), citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). As the Ohio Supreme Court stated:

> In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion.

*Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.,* 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264 (1988). Thus, when a court of appeals reviews a common pleas court's decision in an administrative appeal, its standard of review is far more circumscribed than that employed by the court of common pleas. *See Farran v. Cleveland Civ. Serv. Comm.*, 8th Dist. Cuyahoga No. 99851, 2014-Ohio-823, ¶ 2.

{¶14} An administrative agency may also appeal a trial court's decision; however, such an appeal is permissible in a limited capacity. R.C. 119.12 specifically grants an administrative agency a limited right of appeal to a court of appeals from judgments of the common pleas court. R.C. 119.12(N) states, in relevant part:

> An appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and, in the appeal, the court may also review and determine the correctness of the

judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.

{¶15}  In the instant case, because appellant is an administrative agency appealing the trial court's ruling, prior to addressing appellant's assignments of error, we will consider whether we have jurisdiction to hear appellant's assignments of error in accordance with our limited review pursuant to R.C. 119.12(N).

## A.  Jurisdiction

{¶16}  Appellant in its first assignment of error argues that The Willows, as Tiggs's administratively designated authorized representative, had no authority to appeal to the trial court under R.C. 5101.35.   More specifically, appellant argues that pursuant to R.C. 5101.35(E), only an "appellant" may pursue a judicial appeal of an administrative appeal decision.

{¶17}  In our review of R.C. 119.12(N), we note that we have jurisdiction to hear appellant's first assignment of error.   The trial court found that Tiggs designated The Willows to act as his authorized representative and that The Willows was therefore able to represent Tiggs in "all Medicaid-related matters."  Therefore, because the trial court ruled that The Willows had standing to pursue Tiggs's appeal, it implicitly made a finding as to the interpretation of a statute, specifically 42 C.F.R. 435.923(b)(4).   The trial court's ruling went to the scope of the statute, and in particular, the broadness of the phrase "all Medicaid-related matters."   Undeniably, such a ruling goes to the interpretation of the phrase "all Medicaid-related matters," and thus goes to an interpretation of the statute itself.   Therefore, the trial court ruling falls within one of the appealable issues enumerated in R.C. 119.12(N).

## B.  Authorized Representative Standing

**{¶18}** Having found that we have jurisdiction to hear appellant's first assignment of error, we now must review the trial court's determination that The Willows, as Tiggs's authorized representative, had standing to appeal to the trial court. An authorized representative's duties are derived from 42 C.F.R. 435.923(b) and its Ohio counterpart Ohio Adm.Code Chapter 5160. 42 C.F.R. 435.923(b) specifically provides in relevant part that:

> [a]pplicants and beneficiaries may authorize their representatives to — (1) [s]ign an application on the applicant's behalf; (2) [c]omplete and submit a renewal form; (3) [r]eceive copies of the applicant or beneficiary's notices and other communications from the agency; (4) [a]ct on behalf of the applicant or beneficiary in all other matters with the agency.

Ohio Adm.Code 5160-1-33 states that:

> (A)(1) [a]n individual may designate any person or organization to serve as that individual's authorized representative. Any person serving as an authorized representative must be at least eighteen years or older.
>
> (2) Authority for a person or organization to act on behalf of the individual accorded under state law, including but not limited to, a court order establishing legal guardianship, must be treated as a written designation by the individual of authorized representation.
>
> (3) The designation of an authorized representative must be in writing, and must identify what duties the individual is authorizing the representative to perform.
>
> (4) If the designated authorized representative is unwilling or unable to accept the responsibility of being an authorized representative, the authorized representative must inform the administrative agency and the individual of the refusal or withdrawal.
>
> (B) The authorized representative: * * * (4) [s]tands in the place of the individual. Any responsibility of the individual is a responsibility of the authorized representative. Any action taken by the authorized representative or failure to act will be accepted as the action or lack of action of the individual.
>
> (5) Shares all responsibilities set out in rule 5160:1-2-08 of the Administrative Code.

**{¶19}** In the instant case, appellant argues that pursuant to the relevant Medicaid federal regulations, an authorized representative can only act on behalf of the Medicaid recipient at the agency level, not in subsequent litigation at the trial court level. The trial court disagreed with appellant and found that The Willows, as Tiggs's authorized representative, was capable of representing Tiggs in "all Medicaid-related matters," which included the appeal of the administrative agency decision before the trial court.

**{¶20}** In making this determination, the trial court relied solely upon a recent federal court decision, *Doctors Nursing & Rehab. Ctr. v. Norwood*, N.D.Ill. No. 1:16-cv-9837, 2017 U.S. Dist. LEXIS 87015 (June 7, 2017). In *Norwood*, the nursing facility, as the authorized representative, argued that although the federal Medicaid regulations do not explicitly allow lawsuits by authorized representatives, the regulations do not limit a beneficiary's power to assign such authority. *Norwood* at 22. The court stated that the agency's "restrictive interpretation of the authorized representative relationship does not comport with the language and purpose of the regulation." *Id.* Further, the court stated that the "catch-all provision" within 42 C.F.R. 435.923(b) is "written in broad terms" and thus a "beneficiary can choose to authorize her representative to handle 'all other matters with the agency.'" *Norwood* at 23-24, quoting 42 C.F.R. 435.923(b). Indeed, the court added that "it is the beneficiary who sets the limits of representation * * * and the expansive language of this provision apparently permits beneficiaries to set these parameters quite broadly." *Norwood* at 23.

**{¶21}** In this case, the trial court adopted the reasoning in *Norwood* and ruled that by signing the "designation of authorized representative form," Tiggs designated The Willows as his authorized representative in all matters related to Medicaid, including Tiggs's appeal to the trial court.

**{¶22}** We note, as did the trial court, that this specific issue has not been addressed by this court, or throughout Ohio and thus, the trial court was diligent in seeking guidance outside the jurisdiction. In our review of the trial court's decision, we cannot say that the trial court misinterpreted the statute as laid out in *Norwood*. More specifically, we find that the trial court's determination that Tiggs authorized the Willows to represent him in all Medicaid-related matters, including the appeal to the trial court, was not a misinterpretation of 42 C.F.R. 435.923(b) or Ohio Adm.Code Chapter 5160.

**{¶23}** In relying upon *Norwood,* the trial court found that appellant's position "goes against any notion of due process or fairness." Appellant argued that an authorized representative can only assist a Medicaid applicant or recipient with processes actually at the agency level. However, the trial court did not find this interpretation persuasive and stated that "[i]t is illogical to permit an authorized representative to pursue all matters with [appellant] only to be stopped short when it comes to the final determination as to [Tiggs's] benefits."

**{¶24}** We note, in our review of applicable case law, that the present case is distinguishable from this court's decision in *Santa v. Ohio Dept. of Human Servs.*, 136 Ohio App.3d 190, 736 N.E.2d 86 (8th Dist.2000). In *Santa*, the trial court issued a judgment ruling that a son could not appeal the termination of his mother's Medicaid benefits. This court agreed with the trial court's analysis that plaintiff mother's estate representative, and not the son, was the real party in interest to bring the action in the trial court. However, this court noted that the trial court did not have jurisdiction to even entertain the administrative appeal from the son and explained that:

> [t]he substantive claim for relief presented [was that mother] was eligible for Medicaid benefits. This claim was properly advanced by the then-living [mother] through her attorney-in-fact [her son], by virtue of the durable power of attorney.

However, upon the death of [mother] * * * the durable power of attorney given to [son] lapsed. At that point, [son] had no legal authority to act on behalf of his deceased mother's interests (i.e., application for Medicaid benefits) which survived her death.

*Santa* at 193. Thus, this court reversed the trial court's judgment for lack of jurisdiction.

{¶25} "A personal representative is said to 'stand in the shoes' of the represented person." *Estate of Oscar Hunter v. Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 105851, 2018-Ohio-1969, ¶ 7, citing *McDonald v. State Farm Mut. Auto. Ins. Co.,* 8th Dist. Cuyahoga No. 76808, 2000 Ohio App. LEXIS 3621, 18 (Aug. 10, 2000). In the instant case, we find that the Medicaid eligibility claim, which is the substantive claim for relief presented at the trial court, was properly advanced by the party in interest, Tiggs through his authorized representative, The Willows. "A claim brought on behalf of a represented person depends on the represented person's standing to bring an action because the represented person is the real party in interest." *Hunter* at ¶ 7, citing Civ.R. 17(A).

{¶26} In support of the trial court's interpretation, we note the plain reading of R.C. 5101.35(A)(2), which states that an "[a]ppellant" who may appeal an administrative agency's decision to the trial court "means an applicant, participant, former participant, recipient, or former recipient of a family services program who is entitled by federal or state law to a hearing regarding a decision or order of the agency that administers the program." Furthermore, we note that Ohio Adm.Code 5160:1-2-08(C)(1) states that "[a]n individual may designate an authorized representative, in writing, to stand in place of the individual and act with authority on behalf of the individual."

{¶27} Our review of the record also demonstrates that Tiggs executed an authorized representative form which, pursuant to *Norwood*, sets the limits of the authorized

representative's representation.  The authorized representative form that Tiggs executed states: "I [Tiggs] authorize this person or company [The Willows] to do the following on my behalf: take any action that may be needed to ensure that I receive or continue to receive the [Medicaid] benefits indicated above."

{¶28} Based on the foregoing analysis, we cannot say that the trial court erred in its statutory interpretation when it found The Willows, as Tiggs's authorized representative, had standing to the appeal to the trial court.  Accordingly, The Willows had authority to appeal to the trial court under R.C. 5101.35 and appellant's first assignment of error is overruled.

### C.   Agency Duty to Assist

{¶29}  In appellant's second assignment of error, appellant argues that the trial court wrongly concluded that due to Tiggs's incompetence, appellant had a duty to assist Tiggs. Additionally, in appellant's third assignment of error, appellant argues that the trial court wrongly concluded that it had an obligation under Ohio Adm.Code 5160:1-2-01(F)(5) to determine whether someone was available to assist Tiggs in accessing his life insurance policy.  As these assignments of error are interrelated, we will discuss them collectively.

{¶30} As noted above, because appellant appeals the trial court's decision, we must determine whether we have jurisdiction to consider this appeal pursuant to R.C. 119.12(N).  The Supreme Court of Ohio has further articulated that R.C. 119.12 "allows an agency the right to appeal *only* on questions of law pertaining to state statutes as well as rules and regulations which were promulgated by the agency."  (Emphasis added.)  *Miller v. Dept. of Indus. Relations*, 17 Ohio St.3d 226, 227, 479 N.E.2d 254 (1985).

{¶31} Furthermore, the Tenth District has ruled that "it is not enough that there be a final order, nor is it enough that the appeal be on 'questions of law' as is true for the ordinary litigant."

*Mentor Marinas, Inc. v. Bd. of Liquor Control*, 1 Ohio App.2d 219, 222, 204 N.E.2d 404 (10th Dist.1964). "The key is that the trial court actually rule on a question of law that pertains to the constitutionality, construction or interpretation of a statute or agency rule." *Enertech Elec., Inc. v. W. Geauga Bd. of Edn.*, 10th Dist. Franklin No. 96APE03-370, 1996 Ohio App. LEXIS 3888, 4 (Sept. 3, 1996). *See also Wolff v. Ohio Dept. of Job & Family Servs.*, 165 Ohio App.3d 118, 2006-Ohio-214, 844 N.E.2d 1238, ¶ 9 (10th Dist.) (where the Tenth District concluded that "the mere application of the law to the facts does not constitute 'interpretation' within the meaning of R.C. 119.12; there must be a genuine question presented and a specific finding by the trial court as to the meaning of the statute or rule."). *See also Ramey v. Ohio State Bd. of Chiropractic Examiners*, 10th Dist. Franklin No. 94APE10-1512, 1995 Ohio App. LEXIS 3199 (Aug. 3, 1995) (where the Tenth District concluded that the existence of a physician-patient relationship was a question of law for the trial court but that it did not involve the constitutionality, construction, or interpretation of a statute or agency rule, thus the appellate court lacked jurisdiction and dismissed the agency's appeal).

{¶32} In our review of the applicable case law, we find the aforementioned Tenth District cases instructive and persuasive. In our review of the record, we note that the trial court's decision did not turn on construing or interpreting any statutes or agency rules. *Miami-Jacobs Career College v. Ohio Bd. of Nursing*, 10th Dist. Franklin No. 11AP-544, 2012-Ohio-1416. Indeed, the trial court simply analyzed Ohio Adm.Code Chapter 5160 in light of the facts of the case and thereafter applied various applicable statutes and agency regulations to those facts. The trial court noted that Tiggs was adjudicated incompetent in 2013, and he cannot access the insurance policy by himself. The trial court then went on to further apply various agency regulations to the facts of the case. In doing so, the trial court examined the Ohio

Administrative Code and concluded that it is incumbent upon appellant to "determine if another person is available to assist with obtaining verifications or accessing the individuals' means of self-support." Ohio Adm.Code 5160:1-2-01(F)(5)(a). In other words, given the specific facts of the case, the trial court concluded that, pursuant to its analysis of the relevant agency regulations, appellant had additional duties it failed to undertake. As such, the trial court's decision was undoubtedly based on a question of law. *Ramey*. However, the question of law on which the trial court's decision relied did not involve the constitutionality, construction, or interpretation of a statute or agency rule. *Id.*

{¶33} Accordingly, appellant lacks statutory authority pursuant to R.C. 119.12 to bring its appeal on its second and third assignments of error and we lack jurisdiction to consider whether the trial court erred by finding that appellant had a duty to assist Tiggs in determining whether or not the insurance policy was accessible to Tiggs. *Miami-Jacobs Career College*. Therefore, appellant's second and third assignments of error are disregarded.

### III.  Conclusion

{¶34} After a thorough review of the record and law, we cannot say that the trial court erred in its interpretation of 42 C.F.R. 435.923(b)(4) when it found that The Willows, Tiggs's authorized representative, was able to represent Tiggs in all Medicaid-related matters, including the appeal to the trial court. Furthermore, we lack jurisdiction to consider appellant's second and third assignment of error. Accordingly, appellant's first assignment of error is overruled and appellant's second and third assignments of error are disregarded.

{¶35} Judgment affirmed in part and dismissed in part.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

EILEEN A. GALLAGHER, A.J., CONCURS;
MELODY J. STEWART, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION

MELODY J. STEWART, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶36} I agree that The Willows has standing to represent Tiggs in this administrative appeal and concur with that portion of the majority opinion.

{¶37} I disagree that we lack jurisdiction under R.C. 119.12(N) to consider the second and third assignments of error in this appeal. The agency has the right to appeal questions of law, and the issue framed by the majority — that "appellant argues that the trial court wrongly concluded that [the agency] had an obligation under Ohio Adm.Code 5160:1-2-01(F)(5) to determine whether someone was available to assist Tiggs in accessing his life insurance policy" — invokes the interpretation of an administrative rule. Majority Opinion at ¶ 29. Ohio Adm.Code 5160:1-2-01(F)(5) requires the agency to assist with accessing verifications for Medicaid eligibility only if, among other things, the person seeking benefits "does not have a court-appointed guardian or a person with other legal authority and obligation to act on behalf of the individual[.]" The parties agree that Tiggs had a court-appointed guardian over his person. The question raised by Tiggs was whether the agency had the obligation to assist him when it

was made aware that his legal guardian was unable to access the life insurance policy. This is a question of law that is appealable under R.C. 119.12(N).

{¶38} Apart from the court of common pleas' interpretation of an administrative rule being appealable, this appeal should go forward because the court of common pleas decision fails to address, consistent with the agency's argument, whether Tiggs waived the Ohio Adm.Code 5160:1-2-01(F)(5) issue by failing to raise it in the state hearing (he raised the issue for the first time, in a single sentence, at the end of his reply brief filed in the court of common pleas). It is well established that the failure to raise an issue at the state hearing level waives the issue on appeal to the court of common pleas. *See State ex rel. Schlegel v. Stykemain Pontiac Buick GMC, Ltd.*, 120 Ohio St.3d 43, 2008-Ohio-5303, 896 N.E.2d 143, ¶ 17-18, citing *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 679 N.E.2d 706 (1997); *Mulhausen v. Ohio Counselor, Social Worker & Marriage & Family Therapist Bd.*, 8th Dist. Cuyahoga No. 88776, 2007-Ohio-3917, ¶ 14. The majority's narrow application of R.C. 119.12(N) bars the agency from seeking review of whether the common pleas court erred by ignoring Tiggs's failure to raise the Ohio Adm.Code 5160:1-2-01(F)(5) issue. In these circumstances, this, too, is a question of law that can be decided under R.C. 119.12(N).