[Cite as *Juanita Fowler Life Care Ctrs. of Am., Inc. v. Dept. of Job & Family Servs.*, 2019-Ohio-1238.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JUANITA FOWLER LIFE CARE     :
CENTERS OF AMERICA, INC.,

                                :

      **Plaintiff,**

                                :         No. 106989

      **v.**

OHIO DEPARTMENT OF JOB AND    :
FAMILY SERVICES,

                                :

      **Defendant-Appellee,**

                                :

[Appeal by Sue Fadil, Administrator of
the Estate of Juanita Fowler],          :

      **Plaintiff.**                       :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED; REMANDED
**RELEASED AND JOURNALIZED:** April 4, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-876347

---

### *Appearances:*

Amy C. Baughman, *for appellant.*

Michael DeWine, Attorney General, and Rebecca L.
Thomas, Assistant Attorney General, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Sue Fadil ("Fadil"), Administrator of the Estate of Juanita Fowler ("Fowler"), appeals from an order of the Cuyahoga County Court of Common Pleas dismissing an administrative appeal filed by Life Care Centers of America, Inc., d.b.a. Life Care Center of Westlake ("LCCW"), on behalf of Juanita Fowler, as her designated Medicaid authorized representative, for lack of jurisdiction. LCCW had filed an appeal in the common pleas court on Fowler's behalf, challenging a decision by appellee Ohio Department of Job and Family Services ("ODJFS") that upheld the denial of Medicaid long-term nursing care benefits to Fowler. For the reasons that follow, we reverse the decision of the common pleas court.

## Factual and Procedural Background

{¶ 2} In March 2015, Fowler was admitted to LCCW's facility, where she received long-term nursing care. On June 30, 2015, Fowler executed a designation of authorized representative, authorizing LCCW to "[t]ake any action that may be needed to ensure that I receive or continue to receive [Medicaid] benefits." In August 2015, LCCW applied for Medicaid benefits with the Cuyahoga County Department of Job and Family Services on Fowler's behalf. Fowler was denied benefits on the ground that the value of her resources exceeded the Medicaid-eligibility limits. Fowler allegedly owned three life insurance policies valued at $2,983.91. LCCW requested a state hearing on Fowler's behalf, appealing the denial of Medicaid benefits to Fowler.

{¶ 3} A state hearing on Fowler's Medicaid eligibility was held in November 2016. The state hearing decision affirmed the denial of Medicaid benefits to Fowler, and LCCW appealed the decision to the Director of ODJFS. The administrative appeal decision affirmed the state hearing decision, concluding that the life insurance policies were a countable resource for Medicaid purposes and that Fowler was ineligible for Medicaid.

{¶ 4} On February 22, 2017, LCCW filed a notice of appeal of the administrative appeal decision "on behalf of the Plaintiff-Appellant Juanita Fowler, as his [sic] Designated Medicaid Authorized Representative" in the Cuyahoga County Court of Common Pleas.

{¶ 5} Fowler died on September 26, 2017. On February 28, 2018, the common pleas court dismissed her appeal for lack of jurisdiction, holding that LCCW, "as merely the administratively-designated authorized representative of Ms. Fowler, cannot perfect an appeal to this court pursuant to R.C. 5101.35 and 119.12 from an agency decision concerning Ms. Fowler's Medicaid eligibility." The common pleas court reasoned:

> Pursuant to R.C. 5101.35(E), only the appellant may pursue a judicial appeal of an administrative appeal decision issued by ODJFS. Authorized representatives are not included in the definition of "appellant" for the purposes of R.C. 5101.35, nor are they permitted by federal Medicaid law to initiate judicial appeals. See R.C. 5101.35(A)(2) and 42 C.F.R. 435.923(B).

> As [LCCW] filed this appeal on behalf of the applicant, Ms. Fowler, no appeal has been perfected. This case is therefore dismissed for lack of jurisdiction.

**{¶ 6}** LCCW, "on behalf of Appellant Juanita Fowler, as her Designated Medicaid Authorized Representative," appealed the decision of the common pleas court to this court, raising the following sole assignment of error for review:

> The court of common pleas erred in dismissing Ms. Fowler's appeal for lack of jurisdiction and the dismissal is inconsistent with this court's holding that a designated authorized representative has standing to bring an appeal of a Medicaid denial on behalf of the applicant.

**{¶ 7}** On April 2, 2018, this court, sua sponte, entered an order holding the appeal in abeyance pending its decision in *Tiggs v. Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 106022, 2018-Ohio-3164. On August 9, 2018, the court issued its decision in *Tiggs,* and this case was thereafter returned to the active docket.

**{¶ 8}** On August 3, 2018, Fadil, LCCW's business manager, was appointed the administrator of Fowler's estate. On August 23, 2018, LCCW filed a motion to substitute Fadil, in her capacity as the administrator of Fowler's estate, as the appellant in this appeal. This court granted the motion to substitute.

**Law and Analysis**

**{¶ 9}** Fadil argues that the common pleas court erred in dismissing Fowler's appeal of the administrative appeal decision for lack of jurisdiction.

**{¶ 10}** ODJFS, in turn, asserts that the common pleas court "correctly dismissed the appeal" because "no proper applicant filed any document." ODJFS contends that an "authorized representative" designation allows a person or

organization to act on behalf of a Medicaid applicant or recipient only at the agency level, not to file an appeal in court on behalf of a Medicaid applicant or recipient.

{¶ 11} This court previously addressed this issue in *Tiggs*, 8th Dist. Cuyahoga No. 106022, 2018-Ohio-3164. In *Tiggs*, this court held that a long-term care nursing facility, which had been designated as a resident's Medicaid authorized representative, had standing to file an appeal on behalf of the resident in the common pleas court to challenge the termination of his Medicaid benefits.

{¶ 12} In that case, Tiggs had executed a "designation of authorized representative form," naming The Willows, the long-term care nursing facility in which Tiggs resided, as his Medicaid authorized representative. He authorized The Willows to "take any action that may be needed to ensure that I receive or continue to receive [Medicaid] benefits." *Id.* at ¶ 27. On appeal to this court, ODJFS argued that the common pleas court had erred in concluding that The Willows could bring an appeal in court challenging the termination of Tiggs's Medicaid benefits. *Id.* at ¶ 10, 19. This court disagreed. As the court explained:

> In the instant case, appellant argues that pursuant to the relevant Medicaid federal regulations, an authorized representative can only act on behalf of the Medicaid recipient at the agency level, not in subsequent litigation at the trial court level. The trial court disagreed with appellant and found that The Willows, as Tiggs's authorized representative, was capable of representing Tiggs in "all Medicaid-related matters," which included the appeal of the administrative agency decision before the trial court. * * *
>
> [W]e find that the trial court's determination that Tiggs authorized the Willows to represent him in all Medicaid-related matters, including the appeal to the trial court, was not a misinterpretation of 42 C.F.R. 435.923(b) or Ohio Adm.Code Chapter 5160. * * *

"A personal representative is said to 'stand in the shoes' of the represented person." *Estate of Oscar Hunter v. Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 105851, 2018-Ohio-1969, ¶ 7, citing *McDonald v. State Farm Mut. Auto. Ins. Co.*, 8th Dist. Cuyahoga No. 76808, 2000 Ohio App. LEXIS 3621, 18 (Aug. 10, 2000). In the instant case, we find that the Medicaid eligibility claim, which is the substantive claim for relief presented at the trial court, was properly advanced by the party in interest, Tiggs through his authorized representative, The Willows. "A claim brought on behalf of a represented person depends on the represented person's standing to bring an action because the represented person is the real party in interest." *Hunter* at ¶ 7, citing Civ.R. 17(A).

In support of the trial court's interpretation, we note the plain reading of R.C. 5101.35(A)(2), which states that an "[a]ppellant" who may appeal an administrative agency's decision to the trial court "means an applicant, participant, former participant, recipient, or former recipient of a family services program who is entitled by federal or state law to a hearing regarding a decision or order of the agency that administers the program." Furthermore, we note that Ohio Adm.Code 5160:1-2-08(C)(1) states that "[a]n individual may designate an authorized representative, in writing, to stand in place of the individual and act with authority on behalf of the individual."

* * *

Based on the foregoing analysis, we cannot say that the trial court erred in its statutory interpretation when it found The Willows, as Tiggs's authorized representative, had standing to the appeal to the trial court. Accordingly, The Willows had authority to appeal to the trial court under R.C. 5101.35[.]

*Id.* at ¶ 19-28.

{¶ 13} ODJFS has not identified any basis upon which to distinguish *Tiggs* from this case. Accordingly, we find *Tiggs* to be controlling and, for the reasons set forth therein, we reverse the trial court's decision regarding dismissal for lack of jurisdiction. Fadil's assignment of error is sustained.

{¶ 14} Judgment reversed; remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR