[Cite as *Grissom v. Ohio Dept. Job & Family Servs.*, 2020-Ohio-1608.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DEBORAH MARTIN GRISSOM,
ADMINISTRATOR, :

      Plaintiff-Appellant, :

      v. :

OHIO DEPARTMENT OF JOB AND
FAMILY SERVICES, :

      Defendant-Appellee. :

No. 108513

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** April 23, 2020

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-874398

---

### *Appearances:*

Amy C. Baughman, *for appellant.*

David Yost, Ohio Attorney General, and Rebecca L. Thomas, Assistant Attorney General, *for appellee.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Deborah Martin Grissom, Administrator of the Estate of Persey Tiggs, appeals the April 2019 dismissal of the case after a final judgment was rendered and affirmed in the direct appeal. *Tiggs v. Ohio Dept. of Job & Family*

*Servs.*, 2018-Ohio-3164, 118 N.E.3d 985, ¶ 34 (8th Dist.). This case is rife with procedural questions that must largely remain unanswered in light of the posture of the appeal.

{¶ 2} For an unknown reason, the cause was returned to the trial court's active docket following the *Tiggs* decision, despite the fact that *Tiggs* affirmed the final judgment. The order reactivating the case was issued by the administrative judge for the Cuyahoga County Court of Common Pleas. Neither the parties nor the trial court provide an explanation in support of that administrative decision. Loc.R. 15(J) of the Court of Common Pleas of Cuyahoga County, General Division, only permits the reactivation of a case following an appellate decision that both reverses a final judgment of the trial court and orders the case to be remanded. The *Tiggs* court affirmed the final judgment issued in July 2017. The procedure used to return the case to the trial court's active docket appears to be inapplicable under the circumstances. The confusion in reactivating the case may be arguably explained by the fact that the *Tiggs* panel failed to resolve one of the issues in the appeal based on a jurisdictional impediment.

{¶ 3} Nevertheless, following the reactivation of the case to the trial court's docket, Tiggs passed away. The administrator of Tiggs's estate was substituted as the real party in interest under Civ.R. 25. Compounding the errors to this point, the Ohio Department of Job and Family Services (the "agency"), over the administrator's objection, claimed that Tiggs's death deprived the trial court of a case and controversy and sought to have the underlying cause of action

dismissed.  In general, an action cannot be "dismissed" following the issuance of a final order, and especially a final order that was affirmed in the direct appeal — the trial court lacks jurisdiction at that point in the proceedings.  *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978) (generally, a trial court loses jurisdiction to take action in a cause after an appeal has been taken and decided).  Despite the entry purportedly dismissing the action, the final judgment issued in July 2017 was not vacated.

{¶ 4}  We are thus being asked to review a post-dispositive order that "dismissed" a closed case.  It is unclear whether that dismissal provides any relief for the agency.  The final entry issued in July 2017 disposed of all pending issues in the case by affirming the agency's decision regarding Tiggs's benefits but remanding the matter to the agency with an order to assist Tiggs in resolving his issues if necessary.  It is conceivable, in light of the fact that case was returned to the trial court's docket, that the agency is implying that the July 2017 judgment entry was an interlocutory order under R.C. 2505.02.

{¶ 5}  Even if the parties had preserved this issue for review, which we consider only for the sake of discussion, we would be unable to agree with such a notion.  The July 2017 order was expressly deemed "final" in the journalization of the judgment.  More important, in *Tiggs*, it was also recognized that the July 2017 order was final.  *Tiggs* at ¶ 31 (considering whether a final order resolving an administrative appeal could be reviewed beyond questions of law).  The agency did not appeal *Tiggs*, and this panel has no authority to reconsider the procedural

posture of a decision entered by another panel in this district. App.R. 26(A)(2)(d) (only a majority of the court may substitute its opinion for that of the panel). Thus, the only issue in this appeal is whether the trial court erred by conducting further proceedings after a final judgment was entered and affirmed in the direct appeal. Our discussion will be accordingly limited.

{¶ 6} Tiggs received Medicaid benefits that covered his long-term residential care expenses in a nursing facility. *Id.* at ¶ 2. Sometime in 2015, Tiggs's Medicaid benefits were terminated because he had come into possession of a life insurance policy with a cash value exceeding the monetary limits of the pertinent assistance program. *Id.* The nursing facility was designated as Tiggs's authorized representative during the administrative proceedings. *Id.* at ¶ 4. After the agency ruled against Tiggs, the nursing facility, on behalf of Tiggs, filed an administrative appeal in the Cuyahoga County Common Pleas Court. *See generally id.* The trial court largely affirmed the agency's decision but modified it by requiring the agency to assist Tiggs in resolving the life insurance policy issue if the nursing home could not facilitate a resolution.

{¶ 7} The primary issue in the administrative appeal was the nursing facility's standing to prosecute the action on behalf of Tiggs, and the secondary issue advanced in the direct appeal in *Tiggs* was whether the trial court properly modified the administrative decision. *Id.* The trial court's decision was affirmed with respect to standing in *Tiggs*, but the majority also concluded that it lacked statutory jurisdiction to consider the merits of the secondary issue — concluding

that there is no appellate jurisdiction to review factual questions underlying the trial court's decision. *Id.* at ¶ 34. Having affirmed the final order and not considering the second, the *Tiggs* panel issued a special mandate for the trial court to carry its judgment into execution. *Id.*

{¶ 8} Following *Tiggs*, the trial court, in large part at the urging of the agency, implicitly concluded that it had jurisdiction to conduct further proceedings in light of the *Tiggs* decision, and further that the case must be dismissed because Tiggs's death eroded the live case and controversy requirement. Although the trial court agreed with the agency's position, the final judgment as affirmed in *Tiggs* has never been vacated. Because *Tiggs* did not remand the case for further proceedings, the trial court lacked jurisdiction to conduct further proceedings that led to the dismissal entry.

{¶ 9} It is beyond dispute that in *Tiggs,* a special mandate to carry the appellate judgment into execution was issued. That mandate does not invoke the trial court's continuing jurisdiction to conduct further proceedings. *State v. Lewis*, 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 28. Under R.C. 2505.39, consistent with App.R. 27, when an appellate court "reverses or affirms a final order, judgment or decree of a lower court on questions of law," the court "shall not issue execution, but *shall send a special mandate to the lower court for execution **or** further proceedings*." (Emphasis sic.) *Lewis*; App.R. 27 (court of appeals may remand to the lower court for specific or general execution or for further proceedings). Had *Tiggs* intended to remand the cause for further

proceedings, that panel would have expressly provided for such an occurrence. *See generally id.*

{¶ 10} The agency claims that the trial court possessed jurisdiction to conduct further proceedings based on an October 9, 2018 journal entry. That order, entered by the administrative judge, provided: "Captioned case being remanded to the Court of Common Pleas by order of the court of appeals; this matter is hereby returned to the docket of Judge Maureen Clancy (358)." The *Tiggs* panel did not issue a remand order. The order the agency identified appears to be a product of Cuyahoga C.P. Loc.R. 15(J), which unambiguously provides that "[i]f a case disposed by an assigned judge is *reversed and remanded* by an appellate Court the case shall be returned to the docket of the assigned judge." (Emphasis added.) In light of the fact that the panel decision in *Tiggs* did not reverse or remand the cause, the administrative judge lacked authority to return the case to the trial court's active docket. Loc.R. 15 controls, and the administrative judge lacks authority to reactivate a case after the final judgment has been affirmed. *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 8th Dist. Cuyahoga No. 96738, 2011-Ohio-5507, ¶ 32 (administrative judge has authority to assign cases only as provided in Loc.R. 15 and any order beyond the scope of that rule is void).

{¶ 11} *Tiggs* did not remand the case for further proceedings. The trial court lacked jurisdiction to consider the agency's argument in support of dismissing the case after the final judgment had been entered and affirmed. *State*

*v. Teagarden*, 5th Dist. Licking No. 14-CA-56, 2015-Ohio-2563; *State v. Carsey*, 4th Dist. Athens No. 14CA5, 2014-Ohio-3682, ¶ 11 (a trial court lacks jurisdiction to exceed the scope of an appellate court's remand, and actions beyond the scope are void). The order dismissing the case is void and must be vacated.

{¶ 12} We understand the unique predicament that the agency faced in light of Tiggs's death having occurred following the final judgment, a judgment that ordered the agency to take action in the nature of assisting Tiggs to procure benefits should the nursing home's effort to those ends fall short. In general, however, "an action is not abated by the death of a party after the cause has reached a verdict or final judgment and while the judgment stands, even where the judgment is based on a cause of action that would not have survived had the party died before judgment." *Flaum v. Gloucester Lanes, Inc.*, E.D.Va. No. 4:13cv131, 2015 U.S. Dist. LEXIS 9182, 6-7 (Jan. 26, 2015), fn. 2, quoting *Chopra v. Gen. Elec. Co.*, 527 F.Supp.2d 230, 239-240 (D.Conn. 2007) (quoting 1 American Jurisprudence 2d Abatement, Survival and Revival, Section 58 (2005)). Notwithstanding Tiggs's death, the final judgment issued in the underlying case stands. If there were issues with the final judgment, the proper course of action would have been to properly invoke the trial court's continuing jurisdiction if the relevant law permitted. Absent some legal mechanism to invoke the trial court's continuing jurisdiction, the trial court was required to carry the *Tiggs* judgment into execution according to the express mandate issued therein. Any issues

pertaining to Tiggs's death could be adequately addressed at the agency level if required.

{¶ 13} As it stands for the purposes of the cause before us, the trial court's post-dispositive order dismissing the action was in error and is vacated. The final judgment issued on July 12, 2017, remains final. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution under App.R. 27, with the added caveat that we are not remanding for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
RAYMOND C. HEADEN, J., CONCUR